HOBART O. HAMLIN *vs.* BARTHOLOMEW WISTAR.

January 19, 1884.

**Contract for Sale of Land — Specific Performance.**—To make out an agreement for the sale and conveyance of real estate, sufficient to entitle to specific performance, it must appear that there was a "clear accession on both sides to one and the same set of terms."

Appeal by plaintiff from an order of the district court for Hennepin county, *Lochren*, J., presiding, sustaining a general demurrer to the complaint.

*Frackelon & Warner*, for appellant.

*Rea, Kitchel & Shaw*, for respondent.

BERRY, J.   To make out an agreement for the sale and conveyance of real estate sufficient to entitle to specific performance, it must appear that there was a "clear accession on both sides to one and the same set of terms." *Lanz* v. *McLaughlin*, 14 Minn. 55, (72,) and cases cited.   The evidence relied upon to establish such an agreement in this case fails to satisfy this rule.   It consists wholly of correspondence between the parties, containing propositions and counter-propositions, but as to several material particulars the minds of the parties never met.   It will be sufficient to refer to two of these particulars, without uselessly consuming time or space to mention others : *First.* Defendant's requirement or condition (for it clearly was such) that the cash payment of $6,163.65 should be deposited "in bank, to lie there bearing interest until the trade is made, and as much longer as I may desire," was not acceded to by plaintiff.   *Second.* Plaintiff's proposition, that $5,000 of the purchase-money should be payable *on or before six months*, was never acceded to by defendant; neither was defendant's counter-proposition, that it should be payable *in six months*, acceded to by plaintiff.   The letter written by defendant under date of November 10th, while it gives another reason for abandoning negotiations, by no means waives, or assumes to waive, the above-mentioned reasons, on account of which defendant had failed

to enter into any legal obligation to sell or convey. This is all that we deem it necessary to say, as the case turns upon its special facts, and presents no question of general interest.

Order affirmed.