## AUGUSTE L. LANGELLIER *vs.* ANTHONY SCHAEFER.

### January 31, 1887.

**Vendor and Purchaser—Specific Performance—Requisites of Contract.**—To make out an agreement for the sale and conveyance of real estate sufficient to entitle to specific performance, it must appear that there was a "clear accession on both sides to one and the same set of terms." *Lanz* v. *McLaughlin,* 14 Minn. 55, (72,) and *Hamlin* v. *Wistar,* 31 Minn. 418.

**Same—Offer—Qualified Acceptance.**—An offer of a bargain by one person to another imposes no obligation upon the former unless it is accepted by the latter according to the terms on which it is made, without qualification or the introduction of any new term.

**Same—Acceptance held Insufficient.**—*Held,* in this case, that plaintiff's letter of acceptance, in answer to defendant's offer, fixed a different place for the delivery of the deed, and the payment of the purchase-money, from that implied by the terms of the offer, and therefore was not an unconditional acceptance so as to bind the defendant.

Plaintiff brought this action in the district court for Ramsey county for specific performance of an alleged agreement by defendant to convey certain real estate to plaintiff. The defendant in his answer denied the making of any contract or that any negotiations were had between the parties except by means of certain letters which are set out in full. To this answer the plaintiff demurred, and by stipulation the issue of law thus raised was referred to A. S. Hall, Esq., for hearing and determination. The demurrer was sustained by the referee, and the defendant appealed. The letters pleaded in the answer are as follows:

"ST. PAUL, MINN., April 8, 1886.

"*To Anthony Schaefer, Rushmore, Minn.*—DEAR SIR: I own lot 4, block 5, West St. Paul proper, and I understand you own lot 3, same block. I am anxious to have Custer street graded, and would like to know if you are willing to join in a petition asking for that improvement? I would also ask what is your price for lot 3, and on what

terms you will sell it? If you don't want to sell it, what will you give me for lot 4? A prompt reply will greatly oblige me.

"Yours, truly,                    A. L. LANGELLIER,

"No. 37 Irvine park, St. Paul, Minn."

"RUSHMORE, NOBLES Co., MINN., April 10, 1886.

"*A. L. Langellier, Esq.*—DEAR SIR: Your favor of eighth inst. received and noted. Do not think I would care to have the improvement made at present, but I am in need of money, and would sell lot three for $800, cash. I refused $900 last year. I don't want lot 4. I am about to borrow some money on lot 3, so, if you want to buy, please let me know at once.

"Yours, truly,                         A. SCHAEFER."

"ST. PAUL, MINN., April 13, 1886.

"*To Anthony Schaefer, Rushmore, Minn.*—DEAR SIR: Your offer to sell me lot 3, block 5, West St. Paul proper, is accepted, although I am afraid I am paying $100 to $200 too much for it; but I am very anxious to have Custer street graded at once, and this lot now gives me enough property there to influence the board to have the work done. As the street is now 7 feet below grade, I am afraid the expense of grading will be very heavy, and I should prefer to buy your lot on time, if you would sell it that way; but if you prefer not, then please execute the inclosed deed before a competent notary public, and send it to the Bank of Minnesota, St. Paul, with instructions to Herman Scheffer, assistant cashier of the bank, to collect the amount due you, and deliver deed. I will pay their charges if there are any. You will send with the deed an abstract of title, to be continued to date, or, if you have not one, please order one. Please instruct the bank to give me the necessary time to examine title, etc., after abstract is ready. I shall, however, take up the deed with as little delay as possible. It is usual to give one or two weeks. In case you would just as willingly take say $300 down, and balance on or before one year, with 10 per cent. interest, I would rather have it so; but please send papers at once in any case, as I am anxious to apply for the grading while the contracts are being let. If you prefer to send the deed to any

one else, it does not matter much to me, only that I don't want anything to do with any *real-estate agent.*   Please send it to the Minnesota Bank, if possible, as that is the most convenient for me.

"Yours, truly,            A. L. LANGELLIER,

"37 Irvine park."

*O'Brien & O'Brien,* for appellant.

*John C. Bullitt* and *F. S. Kirkpatrick,* for respondent.

MITCHELL, J.   These letters will not constitute a completed agreement for the sale and conveyance of this real estate, unless there is upon the face of the correspondence a clear accession on both sides to one and the same set of terms.   *Lanz* v. *McLaughlin,* 14 Minn. 55, (72;) *Hamlin* v. *Wistar,* 31 Minn. 418, (18 N. W. Rep. 145.)   An offer of a bargain by one person to another imposes no obligation upon the former, unless it is accepted by the latter according to the terms on which the offer was made.   Any qualification of or departure from those terms invalidates the offer, unless the same is agreed to by the party who made it.   Where the negotiations are by letters, they will constitute no agreement unless the answer to the offer is a simple acceptance, without the introduction of any new term.   1 Sugden, V. & P. *132, 133; *Eliason* v. *Henshaw,* 4 Wheat. 225.

In this case the plaintiff resided in St. Paul, and the defendant at Rushmore, Nobles county, Minnesota.   The letter of April 10th, written by the latter to the former, was an offer to sell the property for $800 *cash.*   If, in his answer, the plaintiff had confined himself to a simple acceptance of this offer, there would have been a completed agreement, by the terms of which, in order to place the defendant in default, the plaintiff would have been required to tender the money to defendant personally at his residence in Rushmore.   But by his letter of acceptance plaintiff introduces a qualification to and a departure from the terms of the offer by fixing a different place (St. Paul) for the delivery of the deed and the payment of the money.   It is true, plaintiff commences this letter by saying that he accepts the offer, but the whole letter must be read together to get at its meaning.   He immediately proceeds to state the terms and conditions on which he accepts.   We cannot assent to the proposition that all of this part of the letter is to be construed, not as attaching conditions

to plaintiff's acceptance, but as mere suggestions. Some parts of the letter doubtless are merely suggestive, but that directing the deed to be sent to St. Paul to some one who would deliver it, and receive the purchase-money for defendant, was clearly intended to indicate what plaintiff *required* of defendant, and it was none the less mandatory because it was prefaced by the polite phrase of correspondence, "please." That this is the construction put upon the matter by plaintiff himself is evident from his complaint. He nowhere alleges a tender of the purchase-money to defendant personally. In substance, all that he alleges is a refusal by defendant to execute the deed, and a readiness on his own part to pay. There having been no unconditional acceptance of defendant's offer, there never was any completed agreement between the parties. *Maynard* v. *Tabor*, 53 Me. 511; *Northwestern Iron Co.* v. *Meade*, 21 Wis. 474.

Order reversed.