GEORGE W. DE JONGE v. FRANK HUNT.

*Contract—Offer—Acceptance.*

An owner of land in Michigan, who resided in Iowa, offered, by
letter, to sell the land to a resident of the city in which it
was situated for $500 cash, net. And it is held that this
meant the payment of the purchase price to the offerer at his
place of residence in Iowa, and that an acceptance by letter
of the offer as to price, coupled with a request that the deed
be sent to a third person in the city where the offeree resided,
and a statement that the offeree would pay for the land there,
if it was the same to the offerer, but, if he had any objections,
he could do differently, is not such an unqualified acceptance
of the offer as to complete a contract for the sale of the land.

Error to Kent. (Grove, J.) Submitted on briefs October
31, 1894. Decided December 18, 1894.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*Martin Rozema (C. O. Smedley,* of counsel), for appellant.

*Wesselius & Corbitt,* for defendant.

GRANT, J. The following facts were found by the court:

"The plaintiff resides in the city of Grand Rapids,
Michigan, and the defendant resides in Sioux City, Iowa.
February 3, 1893, the plaintiff received the following letter
from the defendant, viz.:

"*'Friend George:*

"' As I am disposing of all my property outside of Sioux City,
Iowa, if you can net me $1,000 for my two lots and two and one-
half acres, let them go, as I want to get rid of them, and clean
up; you to get your commission above that amount. George, you
ought to make $500 out of this deal. If not sold within 60 days,
I will take it out of the market. Let me hear from you.

"' Yours respectfully,

"'FRANK HUNT.'

"In response to said letter, on February 4, 1893, plaintiff wrote and mailed a letter to said defendant, stating that he had received his (defendant's) letter of February 1, and 'that he had made a mistake of the amount of land he had in the city; that the two lots he spoke about, on the West side, I had been selling for him a year before to Mr. Pressburg, and that all the land he had here was two and one-half acres on Fulton street. If he meant that at $500, I thought I could strike a bargain with him, because I wanted to make a shift for myself; and that I would like to hear from him.' In response to this letter, plaintiff received the following:

"'SIOUX CITY, IOWA, February 17, 1893.
"'GEORGE DE JONGE,
"'Grand Rapids, Mich.
"'*Dear Sir:* In regard to yours of recent date, I forgot that I had sold the two lots you referred to. I believe all I have left now is the two and one-half acres. I will take $500 in cash for it, net.
"'Yours respectfully,
"'FRANK HUNT.'

"February 21, 1893, plaintiff wrote and mailed a letter in reply to the defendant's letter of the 17th, stating that he accepted his offer, and inclosed a deed of the property to be made out to him, and suggested that to facilitate matters he send the deed back to the Michigan Trust Company, and that he would pay for it there, as they had been doing business that way before, and asking him 'if it was the same for him to do so; if he had any objections, he could do different.' Plaintiff had bought property of the defendant before this, and they had transacted their business through the Michigan Trust Company. Defendant did not answer the said last-mentioned letter, nor did he convey said land to plaintiff, nor did he write that he wanted the money. Plaintiff was ready and willing to pay the consideration, and called at the office of the Michigan Trust Company for that purpose, within three or four days after he had mailed the said last-mentioned letter, but he did not make an actual tender of the consideration to the defendant. Defendant on the 23d day of February, 1893, sold and conveyed the said property to one Sybrant Wesselius, of Grand Rapids, Michigan, by warranty deed, for $600, which land is described in said deed as follows

[here follows the description], which is the same property referred to in defendant's letters, and which said deed was recorded in the office of the register of deeds for Kent county, Michigan, on the 2d day of March, 1893, in Liber 232 of Deeds, on page 145. Defendant owned no other land in the city of Grand Rapids. If the said defendant had conveyed the said land to the plaintiff, he could have disposed of said land, and made a profit of $1,000. The value of the said property on February 21, 1893, was $1,500."

Upon these facts, the court found, as the conclusion of law, that the plaintiff was not entitled to recover, and entered judgment for the defendant.

Two questions are presented:

1. Is the contract void, within the statute of frauds, for lack of a description of the land?
2. Did the two letters constitute a valid and binding contract for the sale of the property?

We deem it unnecessary to determine the first question, since the answer to the second is conclusive of the case.

In order to complete the contract, it was necessary that the plaintiff should write an unqualified acceptance of the defendant's offer. The offer was to sell for $500 cash, net. This meant payment to the defendant at his residence in Iowa. The acceptance requested that defendant send the deed to a party in Grand Rapids, with whom the plaintiff would deposit the money on receipt of the deed. It became, therefore, necessary for the defendant to write another letter in order to close the transaction. It was to be a cash transaction, and plaintiff's duty was to remit the money, and pay or tender it to him, within a reasonable time after an unqualified acceptance. A response necessitating delay and further correspondence is not an unqualified acceptance. If it had taken weeks instead of days for letters to pass, certainly the defendant would not have been bound to wait, and notify the pro-

posed purchaser that he must send the money to him at his place of residence,—a statement already in the offer. It does not appear when plaintiff's letter was received by defendant. We may, however, assume that, in due course of mail, it was received before the sale to Wesselius.

The only authority cited by plaintiff to sustain his position is *Matteson v. Scofield*, 27 Wis. 671. In that case the plaintiff, residing at Hudson, Wis., wrote a letter to defendant, in Connecticut, accepting his offer for the sale of land; suggesting that he make out a deed and send it to the bank, with instructions, and saying that he suggested this method of making the transfer, as it would save time and expense. The defendant replied that he would come out to Hudson, and attend to the business himself. The court held that it was the undoubted right of the defendant to insist upon payment at his residence in Connecticut, and to have the business personally transacted there, but as he did not so insist, but replied that he would come out to Hudson, the contract was complete. Had the defendant ignored the letter, as was done in this case, a different question would have been presented to the court.

The following authorities appear to sustain this ruling: *Sawyer v. Brossart*, 67 Iowa, 678; *Gilbert v. Baxter*, 71 Id. 327; *Eggleston v. Wagner*, 46 Mich. 620; *Whiteford v. Hitchcock*, 74 Id. 209; *Sands & Maxwell Lumber Co. v. Crosby*, 74 Id. 313; *Iron Co. v. Meade*, 21 Wis. 474; *Eliason v. Henshaw*, 4 Wheat. 225; *Johnson v. Stephenson*, 26 Mich. 63.

Judgment affirmed.

The other Justices concurred.