WINTER & AMES COMPANY v. ATLANTIC ELEVATOR COMPANY.[1]

January 9, 1903.

Nos. 13,155—(140).

### Authority of Agent—Evidence.

Evidence examined, and *held* sufficient to sustain the findings of the trial court to the effect that an agent of plaintiff had authority to authorize the sale of certain flaxseed on which plaintiff held a lien by virtue of a seed-grain note, and to release the lien thus held.

Action in the municipal court of Minneapolis to recover $250, and interest, for the conversion of certain flaxseed. The case was tried before Holt, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

[1] Reported in 92 N. W. 955.

*L. J. Van Fossen*, for appellant.

*Wilson & Van Derlip*, for respondent.

BROWN, J.

Action to recover the value of certain flaxseed alleged to have been converted by defendant, in which defendant had judgment in the court below, and plaintiff appeals from an order denying a new trial.

The short facts are as follows: In March, 1901, one Sparks bought one hundred twenty-five bushels of seed flax from plaintiff, for which he promised and agreed to pay the sum of $2 per bushel. To secure the payment of the same, he executed and delivered to plaintiff a seed-grain note, describing therein the land on which the seed was to be sown, and the amount to be paid plaintiff, which was duly filed in the proper town clerk's office. The sale was made through one Paradis, who was acting as plaintiff's agent in the matter. The seed was sown upon the land described in the note, and a crop raised therefrom, which was subsequently harvested, threshed, and disposed of by Sparks, who failed and neglected to pay the seed-grain note. He sold and disposed of the flaxseed to defendant elevator company, and this action was brought to recover as for a conversion of the same. The real question in the case is whether the agent of plaintiff had authority to authorize a sale of the flaxseed by Sparks, the debtor, and thus to release the lien of the seed-grain note. The court below found as a fact that he had such authority, and that his act operated in law as a release of the security. Whether this finding is sustained by the evidence, is the only question in the case.

The evidence tending to show the authority of Paradis to act in behalf of and to bind the plaintiff in respect to the sale of the flax-seed by Sparks is substantially as follows: The plaintiff had sold similar seed to a number of farmers in the vicinity of Campbell, Wilkin county, where Sparks resided, and had taken from each a seed-grain note for the purchase price. These notes were all transmitted for collection to plaintiff's elevator agent at Campbell, with instructions that, if he did not have time to attend properly to the matter, to turn the same over to Paradis, who had made the sale

of the seed the spring preceding, and to instruct him to take charge of and collect the notes. The elevator agent, in compliance with his instructions, turned the notes, including that against Sparks, over to Paradis, and Paradis assumed charge and control of their collection. A few days prior to the time Sparks threshed his crop, including the crop of flax, he informed Paradis of his intention to do so, and inquired of him whether he would go to the farm and take charge of the flax necessary to pay plaintiff's note. In response to this, Paradis stated that it was unnecessary for him to go out; that he (Sparks) could haul the flaxseed to the elevator, sell and dispose of it, and return to him (Paradis) a cash ticket for the purchase price. Under and pursuant to this authority, Sparks sold and disposed of the flaxseed to defendant, or authorized one Matthews to do so for him, but, for some reason not shown in the record, failed to pay over the proceeds to Paradis.

There is no substantial controversy in the evidence but that Paradis stated to Sparks that he might sell and dispose of the flaxseed at the elevator, though Paradis testified that he did not authorize a sale, but he admitted that he instructed Sparks to haul the flaxseed to the elevator, and to leave a "cash ticket" for the amount due on the note with the agent, which he (Paradis) would call for. Neither is there any serious dispute but that, at the time Paradis gave this authority to Sparks, he was in possession of the seed-grain note, as the representative and agent of plaintiff, and impliedly, at least, authorized to take such action or such steps as might be necessary to collect the amount due thereon. Watts v. Howard, 70 Minn. 122, 72 N. W. 840; National Bank of the Republic v. Old Town Bank of Baltimore, 50 C. C. A. 443, 112 Fed. 726.

From these facts the trial court found that the agent had authority to authorize Sparks to make a sale, and that the lien of the seed-grain note was thereby, as a matter of law, extinguished. We have examined the evidence with care, and conclude that the findings of the trial court should be sustained.

We are unable to distinguish the case, on principle, and as to substantial facts, from Partridge v. Minnesota & Dak. Ele. Co., 75 Minn. 496, 78 N. W. 85. In that case it appeared that the agent

held for collection a promissory note secured by a chattel mortgage upon a growing crop, with no definite or specific directions from the principal as to what methods he should adopt in enforcing its payment. The crop thus mortgaged was threshed by the mortgagor, and deposited in the elevator of defendant in that action, and tickets were issued and delivered to him therefor. This was done with the knowledge and consent of the agent, who stated to the mortgagor prior to the time of the delivery of the wheat at the elevator that it made no difference to him (the agent) whether the mortgagor turned the tickets for the wheat over to him, or whether he sold them to the elevator company and turned over the money. The mortgagor sold the wheat, received the proceeds, but never paid over the money. The court held that the question whether the agent was authorized to sanction and approve of a sale of the mortgaged property, and thus release the lien of the mortgage, was one of fact for the jury to determine.

There is no substantial difference between that case and the one at bar. There, as here, the elevator company purchased the property from the mortgagor in good faith, paying the market value therefor, and the sale was authorized by an agent who had no express authority from his principal to do so. The only authority disclosed in either case was such as might be implied from all the evidence and circumstances of the case. See also New England v. Great Western, 6 N. D. 407, 71 N. W. 130; Buckingham Apartment House Co. v. Dafoe, 78 Minn. 268, 80 N. W. 974.

We do not disagree with counsel for plaintiff in his propositions of law, but dispose of the case on the findings of the trial court, to the effect that the agent of plaintiff had authority to authorize a sale of the property by Sparks. The evidence is not so clearly against the findings as to warrant a reversal of the case.

Order affirmed.