# J. P. LYNCH v. MONARCH ELEVATOR COMPANY.[1]

July 2, 1915.

Nos. 19,308—(207).

**Conversion of grain — cropping contract — questions for jury.**

Under a cropping contract the title of all crops raised were in plaintiff, the owner of the farm, until the cropper had performed the contract which included certain plowing after harvest and working out a road tax. Certain wheat raised under this contract was delivered to defendant after it had actual and constructive notice of plaintiff's rights therein to the extent of $164.04 ($150 for failure to plow 100 acres of the farm after harvest, and $14.04 for failure to work out the road tax). In this action for conversion of the wheat it is *held:*

(1) The question whether plaintiff waived his rights and consented to the wheat, or its proceeds, being turned over by defendant to the cropper was for the jury, and it does not appear, as a matter of law, that plaintiff accepted the personal promise of defendant's agent to retain $164.04, in lieu of his security in the wheat.

(2) The court erred in not submitting to the jury the question whether six acres had been plowed after harvest, also in not receiving evidence upon the question whether 75 acres of breaking, or summer fallowing, came within the provision of the contract requiring the cropper to plow the same, and then submitting it to the jury.

Action in the district court for Wilkin county to recover $500 for the conversion of grain. The case was tried before Flaherty, J., who denied defendant's motions to dismiss the action, and a jury which returned a verdict for $173.88. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed as to the order denying judgment notwithstanding the verdict, and reversed as to the order denying a new trial.

*Purcell, Divet & Perkins,* for appellant.
*Lewis E. & D. J. Jones,* for respondent.

1 Reported in 153 N. W. 597.

HOLT, J.

On the twenty-seventh of September, 1912, plaintiff and one J. Nyberg entered into a written contract whereby the latter undertook to seed, cultivate and harvest plaintiff's farm in Wilkin county for the next season. Nyberg was to plant such crops as plaintiff might direct, but plaintiff was to furnish the seed and pay one-half of the machine bill for stack threshing. The contract contained this provision in respect to plowing to be done by Nyberg, viz., "and after taking off the crops to plow immediately in a good and proper manner so much and such parts of said farm suitable for a succeeding crop as shall be plowed at the time the party of the first part (Nyberg) takes possession thereof * * * and is to plow all land back which is plowed when possession is taken." Nyberg was also to work out the road tax assessed against the farm. There were provisions that Nyberg was not to remove anything raised upon the farm, and that the title and possession of all the products or crops should remain in plaintiff until a division and until all the conditions of the contract were fully performed by Nyberg. Nyberg was to deliver all grain to the nearest station free of charge. When all of the stipulations of the contract were performed by Nyberg, plaintiff, upon a reasonable demand, was to deliver to him one-half of the crop raised. The contract was properly filed. Nyberg seeded and harvested a quantity of wheat and under the terms of the contract hauled it to defendant's elevator. For one-half thereof, storage tickets were issued to plaintiff. But he claims that without his consent, and before Nyberg had performed his contract, defendant converted the other half to which plaintiff held title as security. He sued and recovered a verdict for $164.04, and interest, the amount which he claimed the wheat secured. Defendant appeals from the order denying its motion in the alternative for judgment or a new trial.

There can be no controversy upon the proposition that the title to the wheat was in plaintiff at the time it was stored, and that defendant had both constructive and actual knowledge of that fact. The main question litigated, and determined adversely to defendant, was the alleged consent by plaintiff to a sale of the wheat by Nyberg

to defendant. Defendant claims the evidence of waiver conclusive. We have read the evidence attentively but cannot sustain this claim. A controversy had arisen as to matters of the contract remaining unperformed by Nyberg. A meeting of the parties was had in the presence of defendant's agent on December 15, 1913, at which the agent and the Nybergs assert that plaintiff told the agent to pay Nyberg for the wheat. This plaintiff denies. Who spoke the truth was for the jury.

The court rightly declined to hold, as a matter of law, that plaintiff waived his right to the wheat as security and consented to accept the personal promise of defendant's agent to hold out $164.04 of the proceeds from the sale of the wheat for plaintiff's use. Defendant's agent was not plaintiff's. For that reason, Partridge v. Minnesota & D. Ele. Co. 75 Minn. 496, 78 N. W. 85; Winter & Ames Co. v. Atlantic Ele. Co. 88 Minn. 196, 92 N. W. 955; New England Mortg. Sec. Co. v. Great Western Ele. Co. 6 N. Dak. 407, 71 N. W. 130, and Peterson v. St. Anthony & Dak. Elevator Co. 9 N. Dak. 55, 81 N. W. 59, 81 Am. St. 528, cited by defendant, appear inapplicable. The case of Scofield v. National Ele. Co. 64 Minn. 527, 67 N. W. 645, turns upon a matter of pleading, and is not in point.

Defendant attempted to reduce the damages by proving that plaintiff's interest or lien at the time of the alleged conversion amounted to less than $164.04. It was conceded that had plaintiff not waived his rights, he was to be reimbursed for $14.04 road taxes which Nyberg failed to work out, and also for $1.50 per acre of so much of the 25 acre fall plowing, upon the farm when Nyberg took possession, as was not plowed by Nyberg after the harvest of 1913. Nyberg testified to plowing 6 acres of the 25. This was denied. The matter was for the jury, but through some oversight it was not submitted. This error might be rectified, were defendant in a position to now complain. But we have come to the conclusion that a matter of greater consequence should have been submitted to the jury. The disagreement between plaintiff and Nyberg arose chiefly over 75 acres of breaking, or, as plaintiff termed it, summer fallow. It appears that plaintiff, during the summer of 1912 after he became

owner of the farm, broke or plowed 75 acres which had not been in crop that season and, perhaps, had lain idle several years. Nyberg was not present when the contract was drawn. His wife negotiated for the same with plaintiff. Some talk was had between Mrs. Nyberg and plaintiff concerning these 75 acres at that time. The court excluded the conversation. Error is assigned upon this ruling. The rule is that, as between the parties to a contract, parol evidence of the negotiations leading up to its making may not be received to vary or contradict the writing. Defendant contends the rule does not apply here because it is not a party. It does, however, apply, for defendant's right to dispose of the wheat is derived from one of the parties to the cropping contract. Horn v. Hansen, 56 Minn. 43, 57 N. W. 315, 22 L.R.A. 617; 1 Dunnell, Minn. Dig. § 3396.

But we conclude that evidence whether this 75 acres of breaking or summer fallow was regarded as plowed, when the contract was made, was admissible to clear up an ambiguity and to identify the land to be plowed after the harvest of 1913. Enough was proven to show that it was unusual to plant breaking in that locality without first back setting or plowing. And that plaintiff advised Nyberg to thoroughly disc the breaking rather than spring plow it before planting. It would seem reasonable that as to land which Nyberg, according to the usual course of husbandry, might needs plow before putting in the crop, he should not again plow after the harvest. It is also in evidence that considerable more labor and expense was involved in discing this 75 acres than in planting the same quantity of ordinary fall plowed land. Another circumstance is worthy of notice. Nyberg's contract ended September 27, 1913. Plowing is generally continued for a month longer, and it seems doubtful whether the parties could have contemplated that this whole farm including these 75 acres of breaking should have been plowed before Nyberg surrendered his possession. We are of the opinion that, when the condition of plaintiff's farm on September 27, 1912, and the surrounding circumstances were shown, a doubt arose as to the application of the provision in respect to what land was to be left plowed at the termination of the contract. This doubt should have been removed by admitting testimony of the understanding of the

parties at the time the contract was negotiated as well as subsequent acts. Kelly v. Bronson, 26 Minn. 359, 4 N. W. 607. And, if "plowed land," as used in cropping contracts, has a well defined meaning in that locality, such evidence might be properly received. St. Paul & M. Trust Co. v. Harrison, 64 Minn. 300, 66 N. W. 980. We think the evidence offered by defendant should not have been excluded, and the jury, under proper instruction, should have determined whether the 75 acres of breaking was included in the land Nyberg was to plow after harvest.

We see no other questions meriting attention. Nyberg was not a party to the action, and claims asserted by him against plaintiff, but not secured by the wheat in question, cannot be here adjusted or offset. Only insofar as such collateral matters tend to corroborate or refute the contentions of the litigants upon the issues of this lawsuit may they be received. The court did not unduly restrict defendant in that respect.

The order appealed from is affirmed insofar as it denies judgment in defendant's favor, but is reversed insofar as it denies a new trial.