## JOHN RAHM v. MARGUERITE C. CUMMINGS.[1]

November 12, 1915.

Nos. 19,459—(102).

**Specific performance — agreement to sell — deferred payment.**

1. An accepted offer to sell land for part cash and part deferred payment secured by a mortgage, but which specifies no time of payment of the mortgage debt, does not constitute a complete contract which can be specifically enforced.

[1] Reported in 155 N. W. 201.

**Same — acceptance on condition.**

    2. Where an offer of sale of real estate specifies no place where papers shall be passed and consideration paid, it is implied that this shall take place at the residence of the vendor. Where the acceptance of the offer is coupled with a condition that the deed be sent to a designated bank at a place other than the vendor's residence, and that collection of the consideration be made through the agency of such bank, it imposes conditions not contained in the offer, and is in effect not an acceptance of the offer but a rejection of it.

Action in the district court for Becker county for specific performance of an agreement for the sale of real estate. The case was tried before Parsons, J., who when plaintiff rested denied defendant's motion to dismiss the action, made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*M. J. Daly* and *P. F. Schroeder,* for appellant.

*C. M. Johnston,* for respondent.

HALLAM, J.

Defendant owned real estate in Detroit, Minnesota. In February and March, 1914, her home was at Calgary, Alberta, but she was temporarily in Pasadena, California. While she was there, A. C. Knudson, cashier of the Merchants National Bank of Detroit, opened correspondence with her looking toward the sale of her property. The material parts of this correspondence are as follows:

On February 25 Knudson wired: "Party will pay fifteen thousand * * * seven thousand cash. Mortgage back for balance."

February 26 defendant wired: "Best offer I can accept is fifteen thousand five hundred, seven thousand cash. Mortgage back for balance."

After further correspondence defendant wired on March 3: "Fifteen thousand, two hundred and fifty net to me * * * is the lowest price I will accept, terms as previously arranged."

March 4 Knudson wired: "Your price of fifteen thousand two hundred fifty * * * accepted, am sending you draft for one hundred dollars today. Send deed in blank to Merchants National Bank for col-

lection." The same day he wrote a letter to defendant containing the same direction as to forwarding of deed, and added: "When deed arrives payment of $6,900 to be made in cash, and mortgage to be given back for $8,250."

Later, on the same day, defendant withdrew her offer and broke off negotiations. Plaintiff, the purchaser on whose behalf the offer to buy was made, claiming that this correspondence constituted a contract, sued for specific performance.

1. No contract was ever made. A contract for sale of land which contemplates a deed and a purchase money mortgage, to be enforceable in an action for specific performance, must be definite enough so that a scrivener may take it and from its provisions prepare the deed and the mortgage. The offer of $15,250 on "terms as previously arranged," doubtless refers to the previous telegrams which named the terms, "seven thousand cash, mortgage back for balance." But nothing is anywhere said as to the time of payment of the mortgage debt. The mortgage could not have been drawn without further negotiation. The minds of the parties did not meet on this essential matter and the contract was not complete. Williams v. Stewart, 25 Minn. 516, is decisive of this. See also Schmeling v. Kriesel, 45 Wis. 325; Meyer Land Co. v. Pecor, 18 S. D. 466, 101 N. W. 39; Potts v. Whitehead, 20 N. J. Eq. 55. We do not regard the authority of Williams v. Stewart, 25 Minn. 516, as shaken by Lankton v. Stewart, 27 Minn. 346, 7 N. W. 360, which sustains a contract providing for payments "from time to time," nor by Tingue v. Patch, 93 Minn. 437, 101 N. W. 792, where a contract required "payments annually." There were other material facts in each case.

2. The telegram and letter to defendant purporting to accept her offer directed her to "send deed in blank to Merchants National Bank for collection." We cannot regard this as a mere suggestion. It was a direction and it imposed new conditions not found in the terms of the offer. It required the transaction to be closed at Detroit, Minnesota, and it named the agent whom defendant should entrust with the collection of the purchase price. Both of these were conditions which could not be imposed on defendant without her consent, and she did not consent. Unless otherwise agreed, defendant was entitled to have the transaction closed where she lived. Langellier v. Schaefer, 36 Minn. 361, 31

N. W. 690; Couch v. McCoy, 138 Fed. 696, 702; Sawyer v. Brossart, 67 Iowa, 678, 25 N. W. 876, 56 Am. St. 371; Knox v. McMurray, 159 Iowa, 171, 140 N. W. 652; De Jonge v. Hunt, 103 Mich. 94, 61 N. W. 341; Egger v. Nesbitt, 122 Mo. 667, 27 S. W. 385, 43 Am. St. 596; Beiseker v. Amberson, 17 N. D. 215, 218, 116 N. W. 94; Baker v. Holt, 56 Wis. 100, 103, 14 N. W. 8. She did not live in Detroit. If she saw fit to entrust the collection of her money to an agent she had the right to herself designate the agent. The other party to the contract could not require her to take an agent of his choosing, no matter how responsible that agent might be. The acceptance of an offer, in order to constitute the completion of a contract, must be unqualified. The answer to defendant's offer was not unqualified, but conditional. It was not, therefore, an acceptance of the offer, but was in effect a rejection of it. Lewis v. Johnson, 123 Minn. 409, 143 N. W. 1127, L.R.A. 1915 D, 150, and cases cited.

Judgment affirmed.