## CHARLES S. BREARLEY v. E. G. SCHOENING.[1]

October 8, 1926.

No. 25,544.

**Acceptance of offer containing no provision for examination of abstract equivalent to rejection.**

Where an offer to sell real estate for a specified price if the deal can be closed immediately contains no provision for an abstract, an acceptance which requires the furnishing of an abstract and the allowance of time to have it examined is a variance from the terms of the offer and is, in legal effect, a rejection of it.

Vendor and Purchaser, 39 Cyc. p. 1195 n. 93; p. 1196 n. 94.

Action in the district court for Swift county to enforce specific performance of a contract. The case was tried before Baker, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Reversed.

*G. M. Hollenbeck,* for appellant.

*Kingman, Cross, Morley & Cant,* for respondent.

TAYLOR, C.

Plaintiff alleges that defendant contracted to sell and convey to him a house and lot in the city of Minneapolis and brings this action to enforce specific performance of the contract. He rests the claim that the contract had been entered into on the following two letters, the first written by defendant to plaintiff and the second written by plaintiff in answer thereto.

"Appleton, Minnesota,

"June 9th, 1923.

"Chas. S. Brearley, Esq.,

"Minneapolis, Minnesota.

"Dear Sir:

"I still have my house at 3537 17th Ave. South and will take $3,000 cash and this year's taxes to be paid by purchaser if I can

[1]Reported in 210 N. W. 588.

get the deal closed immediately. If you can see your way clear in taking it on yourself at the above named price I shall be pleased to hear from you by return mail.

"Yours truly,

(Signed) "E. G. Schoening."

"Minneapolis, Minnesota,
"June 12, 1923.

"Mr. E. G. Schoening,
"Appleton, Minnesota,

"Dear Sir:

"I have your letter of the 9th inst. in re the property known as 3537 17th Ave. South, being further described as lot 17 in block 3, Monroe Bros. Addition, and note that you still have the house and will take $3,000 cash, purchaser to pay the taxes for this year.

"Will you kindly send me the abstract of title on the property at once, on receipt of this letter, and if title is found good and marketable in you I will close with you on that basis. It usually takes a little time to close a sale, as you know, but there should be no unusual delay if everything is all clean.

"Awaiting your prompt reply, I am,

"Yours very truly,

(Signed) "Charles S. Brearley."

In order to make a contract both parties must assent to the same identical terms. "An acceptance upon terms varying from those contained in the offer is, in legal effect, a rejection of the offer." Defendant offered to sell for $3,000 cash and the taxes if he could "get the deal closed immediately." He resided at Appleton and made the offer from Appleton. Under the offer he was entitled to have the deal closed at Appleton. Rahm v. Cummings, 131 Minn. 141, 155 N. W. 201. Instead of accepting the offer as made and closing the deal immediately at Appleton as the offer required, plaintiff, in effect, required defendant to furnish an abstract and

send it to him at Minneapolis, and declined to make the deal until the abstract had been furnished and examined and the title found to be marketable. Defendant's offer did not include the furnishing of an abstract nor the allowance of time for procuring or examining one, and plaintiff's letter amounted, in legal effect, to a rejection of the offer as made. Lanz v. McLaughlin, 14 Minn. 55 (72); Hamlin v. Wistar, 31 Minn. 418, 18 N. W. 145; Langellier v. Schaefer, 36 Minn. 361, 31 N. W. 690; Ames & Frost Co. v. Smith, 65 Minn. 304, 67 N. W. 999; Kileen v. Kennedy, 90 Minn. 414, 97 N. W. 126; Lewis v. Johnson, 123 Minn. 409, 143 N. W. 1127, L. R. A. 1915D, 150; Rahm v. Cummings, 131 Minn. 141, 155 N. W. 201; Kull v. Wilson, 137 Minn. 127, 162 N. W. 1072; Lloyd v. Mickelson, supra, page 441.

The authorities cited by plaintiff to the effect that a provision in the letter of acceptance requiring a marketable title does not vary the terms of the offer nor impose a new condition for the reason that such an offer implies as a matter of law that a marketable title is to be furnished, do not go to the extent of holding that a demand for an abstract and for time to have it examined is not a variance from the terms of the offer, where the offer contains no provision for an abstract and requires the deal to be closed immediately. The fact that, if plaintiff had accepted the offer as made, he could not have been required to accept the title if unmarketable, did not give him the right to require the furnishing of an abstract where none had been promised.

We think that the rule governing such matter is so thoroughly settled in the cases cited and others which might be cited that further discussion is unnecessary. The order appealed from is reversed.