## MARTIN PODANY v. SADIE U. ERICKSON AND OTHERS.[1]

September 14, 1951.

No. 35,510.

*Child & Child,* for appellant.
*Frank E. Clinite,* for respondents.

CHRISTIANSON, JUSTICE.

Suit for specific performance of an alleged contract for the sale of real estate. Plaintiff appeals from a judgment of dismissal entered pursuant to findings in defendants' favor on the ground that no cause of action had been proved.

By an instrument dated January 25, 1945, defendant Sadie U. Erickson (hereinafter referred to as defendant) leased to plaintiff,

---

[1]Reported in 49 N. W. (2d) 193.

Martin Podany, a building located in Minneapolis, Minnesota, for a five-year term commencing January 1, 1945, for use in plaintiff's commercial printing business. Thereafter, plaintiff entered the premises pursuant to the lease and was in possession thereof at the time the instant suit was commenced.

One of the terms of the lease provided plaintiff with—

"a continuing option, * * * to purchase said premises * * * for the consideration of the sum of Twenty Thousand Dollars ($20,-000.00) in cash, * * *; by giving to the Lessor a thirty days notice in writing of Lessee's intention to so purchase; provided, however, that if prior to giving of said written notice by Lessee to purchase and/or the consummation of said purchase by the Lessee, the Lessor receives a bona fide offer from any other person or party to purchase said property for Twenty Thousand Dollars ($20,000.00) or more and Lessor so notifies Lessee in writing, then Lessee's right and option to so purchase said premises for the sum of $20,000 shall thereupon terminate, * * *."

On March 19, 1949, plaintiff, intending to exercise the option, sent defendant a written notice, the pertinent part of which read as follows:

"Notice is hereby given that I have elected under the option provision on page 3 of said lease, to purchase the said property, for the sum of $20,000.00 within 30 days from the date of this notice and shall pay for the property with cash.

"Will you please furnish me with your abstract or registration certificate, brought down to date, so that I may have the title examined before completing the transaction and paying the money for it."

April 16, 1949, defendant notified plaintiff in writing that she had received an offer of $38,000 for the property and that plaintiff might purchase the property on the same terms as the named offer. The offer was in the form of an earnest money contract between defendant and three of her children. Plaintiff did not meet this offer, and thereafter the sale to said children was completed, subject

to the outcome of the instant suit.[2] The trial court found the reasonable cash market value of the property in April of 1949 to be $34,000 to $35,000.

■ Our first question is whether plaintiff's letter of intention to purchase constituted an unconditional acceptance of the offer contained in the option clause of the lease. The trial court found this letter to be conditional, apparently because, although no such provision appeared in the offer, the letter of acceptance contained a request for an abstract.

It is a settled rule of law that, in order to form a contract, an acceptance must be coextensive with the offer and may not introduce additional terms or conditions. An acceptance which qualifies the terms of the offer amounts in legal contemplation to a rejection of the offer and is regarded as merely a counteroffer.[3] However, it is equally well settled that requested or suggested modifications of the offer will not preclude the formation of a contract where it clearly appears that the offer is positively accepted, regardless of whether the requests are granted.[4] Since no provision for an abstract was made in the lease and since defendant was under no legal duty to furnish an abstract,[5] our only question is whether it appears that the furnishing of an abstract by defendant was intended as a condition precedent to plaintiff's acceptance of the offer.

The language of the controversial paragraph of plaintiff's letter is that of a request rather than a command. Nevertheless, where acceptance is expressly conditioned on acquiescence in the requested

[2]Following the commencement of this action, defendant's three children were made additional parties defendant therein pursuant to stipulation.

[3]Henry Simons Lbr. Co. v. Simons, 232 Minn. 187, 44 N. W. (2d) 726; Johnson v. M. J. O'Neil, Inc. 182 Minn. 232, 234 N. W. 16; Langellier v. Schaefer, 36 Minn. 361, 31 N. W. 690. See, 15 Minn. L. Rev. 237; 2 Dunnell, Dig. & Supp. § 1740.

[4]Nelson v. Hamlin, 258 Mass. 331, 155 N. E. 18; Turner v. McCormick, 56 W. Va. 161, 49 S. E. 28, 67 A. L. R. 853; Kreutzer v. Lynch, 122 Wis. 474, 100 N. W. 887; see, Annotation, 149 A. L. R. 205, 206.

[5]Knox v. McMurray, 159 Iowa 171, 140 N. W. 652; Bear v. Fletcher, 252 Ill. 206, 96 N. E. 997; see, Annotation, 52 A. L. R. 1460.

modification, or that is the necessary inference from the language employed, no contract is formed, even though precatory words of request precede the condition.[6] However, plaintiff's letter does not make the request an express condition, nor do we find the necessary inference of a condition. Instead, it appears clear to us that asking for an abstract was merely a request or suggestion on plaintiff's part looking toward performance of the contract of sale, and not a qualification of the acceptance of the offer.[7] Therefore, we hold as a matter of law that plaintiff's letter of intention to purchase was an unconditional acceptance.

■ The next question raised is whether the failure to meet the higher offer received by defendant terminated plaintiff's rights under the provisions of the option. Plaintiff argues that the notice from defendant of receipt of a higher offer was ineffective for that purpose because it came too late. This follows, he contends, from the proper construction of the phrase "and/or the consummation of said purchase" appearing in the lease. In context, the phrase appears as follows:

"* * * the Lessor hereby grants to the Lessee a continuing option, * * * to purchase said premises * * *; by giving to the Lessor a thirty days notice in writing of Lessee's intention to so purchase; provided, however, that if prior to giving of said written notice by Lessee to purchase *and/or the consummation of said purchase* by the Lessee, the Lessor receives a bona fide offer from any other person * * * to purchase said property for Twenty Thousand Dollars ($20,000.00) or more and Lessor so notifies Lessee in writing, then Lessee's right and option to so purchase said premises for the sum of $20,000 shall thereupon terminate, * * *." (Italics supplied.)

[6]Brearley v. Schoening, 168 Minn. 447, 210 N. W. 588; Langellier v. Schaefer, 36 Minn. 361, 31 N. W. 690; Rahm v. Cummings, 131 Minn. 141, 155 N. W. 201; Knox v. McMurray, 159 Iowa 171, 140 N. W. 652.

[7]Horgan v. Russell, 24 N. D. 490, 140 N. W. 99, 43 L.R.A.(N.S.) 1150; Turner v. McCormick, 56 W. Va. 161, 49 S. E. 28, 68 L. R. A. 853.

It is plaintiff's theory that the italicized phrase must be construed as merely repeating and emphasizing the preceding phrase "giving of said written notice by Lessee to purchase." He contends that his giving of notice amounted to a consummation of the purchase as contemplated in the lease. In other words, he argues that the giving of notice of intention to purchase and the consummation of the purchase are one and the same act. This being so, the notice of defendant's subsequent higher offer, having come after plaintiff's notice of intention to purchase, was too late to affect his rights.

On the other hand, defendants urge that the consummation of purchase referred to in the lease was entirely separate and distinct from plaintiff's notice of intention to purchase; that "consummation" contemplated the actual transfer of the deed; therefore that defendant's notice of the higher offer was timely and terminated plaintiff's option.

In the light of another assignment of error, we find it unnecessary at this time to decide the proper construction of the disputed term as used in this lease. *Consummation* is a word whose meaning changes, depending upon the circumstances in which it is used.[8] At the trial, plaintiff offered evidence showing the circumstances surrounding the formulation of the lease, and the conversations relating to the meaning the parties assigned to the terms used in it. This evidence was refused by the trial court on the ground that the language of the lease was unambiguous. Plaintiff urges this as error, and, even aside from the possible ambiguity of the word *consummation,* we must agree.

Granting, for the sake of argument, that two separate and distinct acts were contemplated by the phrase "giving of said written notice by Lessee to purchase and/or the consummation of said purchase," an ambiguity still exists. What meaning can we assign to the "and/or" term? Was it contemplated that defendant's notice of a higher offer must precede both events, or could such notice be

[8]*Compare* Goodwin v. Siemen, 106 Minn. 368, 118 N. W. 1008, *with* Ormsby v. Graham, 123 Iowa 202, 98 N. W. 724. See, Flower v. Davidson, 44 Minn. 46, 46 N. W. 308.

effective if it preceded only the "consummation of said purchase"? Either meaning can be assigned to the "and/or" term, depending upon whether it is viewed conjunctively or disjunctively.

Since defendant's attorney drafted the lease, it is not unreasonable to suppose that the longest possible period would be provided during which plaintiff's option right could be terminated should defendant receive a higher offer for the premises. Yet, if that were the result contemplated, it could have been accomplished more simply if only the word "or" had been used. From defendant's point of view, the word "and" in the "and/or" term had no value. Bearing in mind that an instrument is construed most strictly against the drafter,[9] the "and/or" term appears sufficiently ambiguous to warrant admitting what parol evidence plaintiff possesses bearing upon the meaning the parties ascribed to the terms of the option clause in the lease.[10]

In the light of the extreme need for precision and accuracy in the choice of language in legal documents, it is regrettable to note the persistence with which the "and/or" expression is used by trained legal draftsmen. Although it is unnecessary for us to elaborate upon the ambiguity and confusion bred by this expression when that has been ably and frequently done by so many opinions and legal writers,[11] this case presents an appropriate opportunity for us to add our condemnation of the indiscriminate use of this Janus-faced term.

In view of the above-discussed ambiguity, the error in excluding plaintiff's proffered evidence as to the circumstances surrounding

[9]*E. g.,* Geib v. Haynes Corp. 185 Minn. 295, 240 N. W. 907; 2 Dunnell, Dig. & Supp. § 1832.

[10]Engel v. Scott & Holston Lbr. Co. 60 Minn. 39, 61 N. W. 825; Lynch v. Monarch Elev. Co. 130 Minn. 248, 153 N. W. 597; Steller v. Thomas, 232 Minn. 275, 45 N. W. (2d) 537; 2 Dunnell, Dig. & Supp. § 3399.

[11]*E. g.,* Drummond v. City of Columbus, 136 Neb. 87, 285 N. W. 109, 286 N. W. 779; State ex rel. Adler v. Douglas, 339 Mo. 187, 95 S. W. (2d) 1179; 18 Am. Bar Assn. J. 456, 574; Annotation, 118 A. L. R. 1367.

the formulation of the lease and the meanings ascribed by the parties to its terms necessitates a new trial.

Reversed and remanded for a new trial in conformity with this opinion.