The J. Thompson & Sons Manufacturing Company, Appellant, v. Perkins & Son.

97 607
●120 169
122 411

97 607
132 493

**Sale:** ACCEPTANCE. An order for goods, given to a traveling salesman, accepted subject to the approval of the principal, may be countermanded by the buyer at any time before such acceptance has been communicated to him.

**Pleading:** CONSTRUCTION. An allegation in a pleading that a certain order for goods was accepted and approved, and a postal card addressed to the buyer notifying him that the order would receive the earliest possible attention, will, under the rule that doubts as to pleading are resolved against the pleader, be confined to the alleged acceptance contained in such postal card, where the pleading mentions no other acceptance communicated to the buyer.

*Appeal from Story District Court.*—Hon. B. P. Birdsall, Judge.

Friday, April 10, 1896.

The plaintiff is a manufacturing firm, at Beloit, Wis. In November, 1892, the defendant firm, doing business at Ames, Iowa, gave to one Baldwin, a traveling salesman for plaintiff, a written order for agricultural implements, to be shipped to Ames, about February 14, 1893. The amount of the order, after the

deduction of the value of one plow, was two hundred and thirty-six dollars and twenty-five cents. The written order contained numerous conditions, and was signed "Perkins & Son." After the signature is the following: "Accepted subject to approval of J. Thompson & Sons Mfg. Co. F. R. Baldwin, Salesman." About the first of February, 1893, the defendants countermanded the order, by letter, which the plaintiff disregarded, and it shipped the goods, which defendants refused to receive, and this action is to recover the purchase price. Defendants claim the right to countermand the order, because the contract had never been completed, by an acceptance of the order. The petition recites the facts, as to the giving of the order, the shipment of the implements, and other facts, and the following are the facts pleaded to show an acceptance. "The plaintiffs, by way of amendment to their petition herein, state, that at the time plaintiffs received the written order from the defendants, set out in the petition, to-wit. November 17, 1892, they accepted and approved said order and contract, and wrote Perkins & Son a postal card, addressed to them at Ames, Iowa, as follows: 'Beloit, Wis., November 17. 1892. Perkins & Son, Ames, Iowa—Dear Sir: Your favor of the 12th received, with order given to our Mr. Baldwin. The above will have our earliest possible attention. We are, yours, truly, J. Thompson & Sons Mfg. Co.'" To the petition the defendants demurred, on several grounds, and among them, the failure of acceptance, which demurrer the court sustained, and, plaintiff electing to stand on the petition, judgment was entered against it for costs, and it appealed.—*Affirmed.*

*Jordan & Brocket* for appellant.

*Dyer & Stevens* for appellees.

Granger, J.—I. From appellant's argument it appears that the court below, in ruling on the demurrer, took the view that the only acts of approval of the order pleaded are the card of November 17, 1892, and the shipment of the implements. Until the order was accepted, there was no contract. The acceptance must have been in such a way that both parties could know the contract was complete. No mere mental acceptance would be sufficient, and we do not understand appellant to claim that it would. The order was conditioned, and, before acceptance, defendants had the right to countermand it. Benj. Sales (sixth Ed.), section 41. It seems to us that the petition pleads no other acceptance before the countermanding order than the card, or letter, under date of November 17, 1892. No pleader, intending more, would have used the language as it is there used in connection with the card. If the construction is doubtful, after giving to the language a reasonable intendment, it should be resolved against the pleader. The acceptance pleaded is in a single sentence, and the language employed, with the punctuation, indicates that the pleader intended to state the fact and manner of acceptance. The law requires that the acceptance must be communicated. 21 Am. & Eng. Enc. Law, 455, and cases there cited. We assume that the pleader undertook to plead a legal acceptance, and to this end made the averment as to the card being sent to show the acceptance. The proposition is not, to us, a doubtful one, that the averment means that the order was accepted by sending the communication. In this court appellant does not contend that the communication is sufficient as an acceptance, and we need not consider the question. The shipment was made after defendants

had exercised their right to countermand the order, and, of course, could have no effect to bind the defendants. The judgment is AFFIRMED.