## BASTIAN BROS. COMPANY v. WEMOTT-HOWARD COMPANY.[1]

January 13, 1911.

Nos. 16,794—(176).

**Sale — rejection of order.**
  Rule that an acceptance of an order for the purchase of goods, specifying terms different from those named in the order, is in legal effect a rejection of the order, applied to the facts stated in the opinion.

Action in the municipal court of St. Paul, by a corporation organized under the laws of New York to recover $100.40 for goods sold and delivered. The answer alleged that plaintiff was transacting business in Minnesota without having complied with the provisions of R. L. 1905, §§ 2888, 2889, and further alleged that if there was any sale or contract of sale between the parties, it had been canceled and rescinded by mutual agreement. The reply was a general denial. The case was tried before Hanft, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. Defendant's motion for a new trial was denied. From the order denying a new trial, defendant appealed. Reversed.

*Charles J. Andre,* for appellant.
*Gilbert & Greenman,* for respondent.

BROWN, J.
 Plaintiff is a corporation doing business at Rochester, in the

[1]Reported in 129 N. W. 369.

state of New York; defendant, a corporation doing business at St. Paul, this state. On September 18, 1908, plaintiff's agent solicited and obtained from defendant an order for certain political campaign goods, to be shipped from said Rochester to St. Paul. The order given the agent was in the following language:

Sold to—Wemott-Howard Co.

| | Town | St. Paul | Via freight | |
|---|---|---|---|---|
| 500 | Oxyd & Gilt Small Fobs, Bryan, | 50.00 M. | 25.00 |
| 500 | Taft | | 25.00 |
| 288 | Oxyd Bryan large bulk | 1.05 net | 25.20 |
| 288 | Taft | 1.05 | 25.20 |

$100.40

C. H. Peterson.

It is conceded that the contract did not become effective until accepted by plaintiff at its home office in Rochester. It is also undisputed that at the time the order was given it was understood by and between defendant and plaintiff's agent that it was necessary that the goods be shipped out without delay, as they were valuable only in the then pending presidential campaign. And it was accordingly agreed by the agent that the shipment should be so made. Immediately after obtaining the order the agent communicated the same to plaintiff by letter, in and by which he directed shipment of the goods to be made by certain transportation lines "at once." Upon the receipt of the order from the agent, plaintiff accepted the same in the following language:

"Rochester, N. Y., Sept. 25, 1908.

"Wemott-Howard Co.,
    "385 Jackson St.,
        "St. Paul, Minn.
"We acknowledge with thanks your order placed with our M. B. Dillon, memorandum of which is as follows:
\* \* \* \* \* \* \* \* \* \* \* \*

"We expect to send by express on or about Nov. 1st, or as soon thereafter as possible."

The communication was received by defendant on September 26, and because of the fact that the agreement with plaintiff's agent required and called for the prompt, or "at once," shipment of the goods, and the further fact that the goods were valuable only during the campaign then pending, which would practically be at an end on the first of November, when plaintiff by its acceptance of the order proposed to ship them, defendant immediately, by a telegram sent to and received by plaintiff, canceled the order, and purchased similar goods of a local dealer at St. Paul, to an amount necessary to supply its trade.

It is claimed by plaintiff that the statement in the acceptance of the order that the goods would be shipped about November first was an error of one of its clerks, and that in fact on September 26th, and before the receipt of defendant's telegram, the goods were packed and delivered to a carrier for transportation to St. Paul. The goods arrived in St. Paul in due season, and defendant refused to accept the same, on the ground of its previous cancellation of the order. Defendant promptly notified plaintiff's agent, with whom the contract was made, and also plaintiff, that the goods were held subject to plaintiff's order. The agent stated to defendant, when informed of the facts, that he would sell the goods to other dealers, or return them to plaintiff, and requested defendant to hold them until he determined what to do. Plaintiff declined to accept a return of the goods, and thereafter brought this action to recover the value of the same. It is not claimed that the soliciting agent had authority to accept the return of the goods. Plaintiff had judgment in the court below, and defendant appealed from an order denying a new trial.

No contract is complete without the mutual assent of the parties thereto, and an offer to sell or to purchase imposes no obligations until it is accepted according to the terms of the offer. An acceptance upon terms varying from those contained in the offer is, in legal effect, a rejection of the offer, and puts an end to the negotiations, unless the party making the original offer acquiesces in the

modifications proposed by the acceptance. Kileen v. Kennedy, 90 Minn. 414; 97 N. W. 126; Ames & Frost Co. v. Smith, 65 Minn. 304, 67 N. W. 999; Minneapolis & St. L. Ry. Co. v. Columbus Mill Co., 119 U. S. 149, 151, 7 Sup. Ct. 168, 30 L. ed. 376; Reid v. N. W. Imp. & W. Co., 79 Minn. 369, 82 N. W. 672.

By applying this rule we have no particular difficulty in reaching the conclusion in the case at bar that plaintiff's acceptance of defendant's order on terms varying therefrom, in respect to the time the goods were to be shipped, was in contemplation of law a rejection of the offer of purchase, at least an attempted modification thereof, and defendant's cancellation of the order was effectual, and terminated negotiations between the parties respecting this transaction. It was important that the goods be shipped out at once, and it was so agreed between defendant and plaintiff's agent. Plaintiff was informed of this fact by the terms of the order upon it by the agent containing directions to "ship at once," which thereby became an essential element of defendant's proposal to purchase. Disregarding this, plaintiff by its acceptance announced new terms, and stated that the goods would be shipped at a time when they would be of no value for any purpose. This clearly was a qualified acceptance, by reason of which the minds of the parties never met. Defendant's order was still executory, and it had the legal right to cancel it.

It is no answer that one of plaintiff's clerks erred in preparing the acceptance, and that plaintiff in fact immediately shipped out the goods. Defendant had the right to rely upon the written acceptance, and, moreover, the record contains no suggestion that it had notice of the alleged error, or of the fact of shipment, before sending the telegram cancelling the order, or before supplying its stock by purchasing similar goods elsewhere. In our opinion the cancellation effectually terminated the relations between the parties, and defendant is not liable.

Order reversed.

JAGGARD and SIMPSON, JJ., took no part.