## THE LOWRY COFFEE COMPANY v. ANDRESEN-RYAN COFFEE COMPANY.[1]

December 8, 1922.

No. 22,949.

**Ruling on pleading immaterial after trial on the merits.**

1. Where an amended answer is interposed and the case is thereafter tried on the merits, a ruling holding the original answer insufficient becomes immaterial.

**Order for specified goods rejected by shipment of others—no passing of title before acceptance.**

2. Where defendant, a dealer at Duluth, sent to plaintiff, a dealer at Philadelphia, an order for specified quantities of specified kinds of coffee at specified prices f. o. b. Philadelphia, and plaintiff shipped coffee which differend both in kind and quantity from that ordered, the action of plaintiff operated as a rejection of defendant's offer and the making of a counter offer, and no sale was made and no title passed until the coffee was actually accepted by defendant.

**Claims for damage waived by acceptance with full knowledge.**

3. Where defendant examined the coffee tendered on its arrival and found that part of it had been damaged while in transit, and thereafter accepted the entire shipment with full knowledge of all the facts, it is not entitled to recover the amount of the damage from plaintiff.

Action in the district court for St. Louis county to recover $338.02. Defendant interposed a counterclaim for $1,500. Plaintiff's demurrer to the counterclaim was sustained, Dancer, J., with leave to defendant to interpose an amended answer. The case was tried before Fesler, J. The court made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment and from an order denying its motion to set aside the findings and for a new trial, defendant appealed. Affirmed.

*Leslie S. High,* for appellant.

*Stearns & Hunter,* for respondent.

[1]Reported in 190 N. W. 985.

TAYLOR, C.

Plaintiff is an importer and dealer in coffee at Philadelphia, Pennsylvania. Defendant is a dealer in coffee at Duluth, Minnesota. In March, 1920, a broker at Duluth submitted samples of coffee to defendant and obtained an order for specified quantities of four different kinds of coffee, aggregating 430 bags, at specified prices, f. o. b. Philadelphia. The broker transmitted the order to plaintiff. To make a carload plaintiff shipped 500 bags instead of the 430 bags ordered. The shipment was 37 bags short in one of the kinds ordered, and contained 107 bags of a kind not ordered.

Before the coffee arrived, defendant received an invoice and bill of lading from plaintiff which stated the kinds of coffee shipped and the quantity and price of each kind. When the coffee arrived at Duluth and while it was still in the car, defendant discovered that a white powder on the floor of the car had sifted through the bags and damaged the coffee in 124 bags to a substantial extent, and promptly notified plaintiff thereof. Defendant had the clear right to reject the coffee, but instead of doing so accepted the entire shipment with full knowledge of all the facts, and thereafter paid $7,048.61 on the purchase price, but refused to pay the remainder. Plaintiff brought suit. The complaint alleged the sale and delivery of 500 bags of coffee to defendant, f. o. b. Philadelphia, for the agreed price of $7,386.63 of which $7,048.61 had been paid, and demanded judgment for the balance of $338.02. Defendant's answer contained a general denial, admitted the payments stated in the complaint and asserted a counterclaim. The court struck out the general denial as sham and sustained a demurrer to the counterclaim, but with leave to interpose an amended answer. Defendant interposed an amended answer and the case was tried on the merits and resulted in a judgment for plaintiff. Defendant appeals.

Defendant complains of the ruling striking the general denial from the original answer and sustaining the demurrer to the counterclaim therein, but, as defendant amended its answer and the case has since been tried on the merits, this ruling has become immaterial.

The amended answer admitted and alleged the purchase by sample of 500 bags of coffee for the sum of $7,386.63 and the payment of $7,048.61 of the purchase price, and further alleged that 124 bags of the coffee were delivered in a damaged condition and interposed a counterclaim for the amount of such damage.

The facts are not in dispute. That the coffee in 124 bags had been damaged to the extent of 3¾ cents per pound while in transit is practically admitted. The real question is whether this loss falls on the plaintiff or the defendant. Defendant concedes that, if plaintiff had complied strictly with the terms of the order, the delivery to the carrier at Philadelphia would have operated as a delivery to defendant, but contends that as plaintiff shipped 70 bags more than was ordered and 107 bags of a kind not ordered, there was no delivery until defendant received the coffee at Duluth. We think defendant is correct in this contention. Defendant's order was an offer to buy the specified kinds and quantities at the specified prices. The shipment made cannot be deemed an acceptance of this offer. It amounted in legal effect to a rejection of this offer and the making of a counter offer. Lewis v. Johnson, 123 Minn. 409, 143 N. W. 1127, L. R. A. 1915D, 150. The minds of the parties did not meet, and no sale was made and no title passed until the coffee tendered was actually accepted by defendant. Williston, Sales, § 278; 23 R. C. L. p. 1283, §§ 99, 100.

But we are unable to sustain defendant's further contention that, because the delivery and passing of title took place at Duluth, defendant is entitled to recover from plaintiff the amount of the damage in transit. If the sale had been effected by an acceptance of defendant's offer, the delivery would have taken place at Philadelphia and the loss caused by the damage in transit would have fallen on defendant. Lieb Packing Co. v. Trocke, 136 Minn. 345, 162 N. W. 449. It would not have been covered by the implied warranty given by section 16 of the Uniform Sales Act[1] where sales are by sample. But plaintiff rejected defendant's proposition and made a counter proposition by shipping to Duluth and tendering to defendant, at specified prices, coffee which differed both in kind and

[1] [Laws 1917, p. 772.]

quantity from that specified by defendant. Defendant admittedly examined the coffee and ascertained its condition on its arrival at Duluth and had full knowledge of all the facts. With this knowledge and the right to accept or reject the coffee at its pleasure, defendant deliberately accepted it. No delivery took place, no sale was effected and no title passed until defendant elected to accept the coffee after examining it at Duluth and learning its exact character and condition. Section 15 of the Uniform Sales Act provides:

"If the buyer has examined the goods there is no implied warranty as regards defects which such examination ought to have revealed."

This is the rule which has always been followed in this state. Anderson v. Van Doren, 142 Minn. 237, 172 N. W. 117. It is the rule which applies in the present case. The sale was not a sale by sample pursuant to defendant's offer, but a sale of a specific 500 bags of coffee pursuant to plaintiff's offer, which offer was made by presenting to defendant for examination and acceptance or rejection the entire quantity of coffee tendered and not merely samples thereof. We have no occasion to consider whether section 44 of the Uniform Sales Act gave defendant the right to accept so much of the coffee as conformed to its order and reject the remainder, as defendant made no attempt to exercise such a right. The court below seems to have been of opinion that the sale was made pursuant to defendant's offer, but as it reached the correct result the judgment is affirmed.