## Arthur Buesch, Appellee, v. R. E. McCullough, Appellant.

1. LANDLORD AND TENANT—*increased rent to tenant holding over.* A landlord is not deprived of the right to demand and secure an increased rental from the tenant after the termination of the lease, by a provision that if the tenant shall occupy the premises from month to month after the expiration of the lease all the conditions and obligations thereof, except as to the term, shall be binding upon him.

2. LANDLORD AND TENANT—*implied contract for tenant holding over to pay increased rent.* An implied contract for a tenant to pay increased rent is raised by his continuing to occupy the premises after the expiration of the lease after being told by the landlord that he would have to pay the increased rent if he remained in the premises, although the tenant made no reply to the landlord's statement, or even if the tenant had said he would not pay the increase.

3. LANDLORD AND TENANT—*consideration for implied contract of tenant to pay increased rent.* There is sufficient consideration to support a tenant's implied promise to pay increased rent for occupancy after the expiration of the lease, where the landlord has the right to demand possession at the said expiration and intimates to the tenant that he will have to vacate and informs him that if he remains he will have to pay more rent.

4. EVIDENCE—*new lease as not a parol agreement modifying sealed instrument.* Parol evidence by a landlord to show the making of a new lease which was to become effective upon the termination of the original lease was not within the rule that a contract under seal cannot be modified or changed by proof of a subsequent parol agreement.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed April 15, 1927. Rehearing denied July 29, 1927.

TURNER, HOLDER & BULLINGTON, for appellant.

P. C. OTWELL, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant was a tenant of appellee under a written lease for a term of five years at a monthly rental of $120, which expired October 31, 1924. After the expiration of the lease, appellant continued to occupy the premises until July 1, 1925, and paid rent therefor at the rate of $175 per month up to April 1. This suit was brought to recover rent at the same rate for April, May and June and there was a verdict and judgment for $525.

Both parties admitted that prior to the expiration of the lease they had a talk in which appellant agreed to pay $175 per month for the premises from November 1, 1924. There is a conflict in their testimony as to whether they ever reached an agreement as to the term for which appellant was to occupy the property.

Appellee says that the period for which the new lease was to be given was not then agreed upon but was to be settled later; that when he afterwards asked appellant for what length of time he wanted the new lease appellant said to make it read until February 28, 1926; that he prepared a new lease from November 1, 1924 to February 28, 1926, at a monthly rental of $175, and left it with appellant who said he was then too busy to sign it; that he later asked appellant if he had signed the lease and was told that he had not, that he could get another building at $75 per month and was thinking seriously of taking it; that appellant never signed the lease and never gave any other reason for not doing so.

Appellant says that when he agreed to pay $175 per month it was on the understanding that appellee would

give him a new lease for one year with the privilege of four years more; that a few days after that conversation he called appellee on the 'phone and asked him who should prepare the papers; that appellee then told him he would not give him such a lease; that later, but prior to October 31, 1924, appellee asked him what he intended to do and that he replied that he was still holding to the original arrangement; that appellee then intimated that he would have to vacate the premises; that appellant replied that it was impossible to vacate at that time and that he could not do so until after January, 1925; that appellee then told him that if he remained he would have to pay $175 per month; that appellant made no reply but continued to occupy the premises until July 1, 1925.

Appellant further says that in December, 1924, after the talk last mentioned, appellee finally consented to draw up a lease to expire February 28, 1926; that two copies of such a lease were prepared by appellee and submitted to him but were never signed by either party because they could not agree on the conditions of the lease; that he called appellee's attention to a clause in the lease that was not acceptable; that after the said lease was submitted to him he paid appellee the rent for November and December, 1924, at the rate of $175 per month and that he paid rent at the same rate until April 1, 1925. It is quite apparent that while the parties had some negotiations in regard to the making of a new lease they were unable to come to an express agreement with reference to the terms thereof.

Appellant contends that because he made no reply when appellee told him that if he stayed he would have to pay $175 per month there was no contract on his part to pay the increased rent and the same cannot be recovered. He insists that in the state of the proof appellee was only entitled to rent at the rate of $120 per month. That contention is based on the fact that

the original lease contained a provision that if appellant should occupy the premises as a tenant from month to month after the expiration of the lease, all the conditions and obligations thereof, except as to the term of the lease, should be binding upon him.

We are of the opinion that said provision did not deprive appellee of the right to demand and secure an increased rental after the termination of the lease. It certainly did not give appellant the right to occupy the premises for such a length of time as he saw fit, at the same rental and against the will of appellee.

Appellant admitted on the witness stand that, before the expiration of the lease, appellee told him that if he remained in the premises he would have to pay $175 per month. While appellant made no reply to that statement, the fact is that he continued to occupy the building until July 1, 1925. It is well settled that under such circumstances the law raises an implied contract to pay the increased rent. *Higgins v. Halligan,* 46 Ill. 173-180; *Griffin v. Knisely,* 75 Ill. 411; *Clinton Wire Cloth Co. v. Gardner,* 99 Ill. 151; *Sherriff v. Kromer,* 232 Ill. App. 589. In the latter case the Supreme Court denied a writ of certiorari.

Even if appellant had told appellee, at that time, that he would not pay the increased rent, yet if he continued thereafter to occupy the premises he would be liable therefor. *Griffin v. Knisely, supra.*

It is argued that if there was a new agreement for the payment of the increased rent, yet there was no consideration therefor. The case of *Loach v. Farnum,* 90 Ill. 368, is relied upon, but is not in point. In that case there was a written lease for three years and the lessor, during the term, agreed to reduce the rent. In the case at bar, appellee had the right to demand possession of the premises at the termination of the lease. He intimated to appellant that he would have to vacate, and informed appellant that if he remained he would have to pay more rent. There was a sufficient

72 APPELLATE COURTS OF ILLINOIS.

Wilson v. Cleveland, C., C. & St. L. Ry. Co., 245 Ill. App. 72.

consideration to support appellant's implied promise to pay the increased rent.

It is urged that the law is well established that a contract under seal cannot be modified or changed by proof of a subsequent parol agreement. The evidence objected to was not within that rule but was offered for the purpose of showing the making of a new agreement which was to become effective upon the termination of the original lease.

Appellant contends that the court erred in its rulings on the instructions but in view of the fact that he admitted that he continued to occupy the premises after appellee told him that if he did so he would have to pay $175 per month, we are of the opinion that the jury, acting as reasonable men, could not have returned any other verdict. The judgment is affirmed.

*Affirmed.*