## OTTO H. JOHNSON AND ANOTHER v. M. J. O'NEIL, INC.[1]

January 2, 1931.

No. 28,226.

*Baldwin Schroeder* and *Leo E. Stenger,* for appellant.
*Doherty, Rumble, Bunn & Butler,* for respondents.

OLSEN, J.

Defendant appeals from an order denying its alternative motion for judgment or a new trial.

Defendant had the contract for furnishing, installing and erecting all piping, wiring, and auxiliary equipment, together with all labor and material required, for the construction of a complete boiler plant for the municipal power plant at Austin, Minnesota.

[1] Reported in 234 N. W. 16.

A new building had been or was being constructed joining an older power plant building. Plans and specifications for the work to be done and materials and equipment to be furnished had been prepared by Toltz, King & Day, architects and engineers. Defendant sublet to or employed plaintiffs, doing business as Electric Supply & Construction Company, to furnish and install the electric appliances and wiring. The contract entered into between the plaintiffs and the defendant is to be found from the offer by plaintiffs and defendant's qualified acceptance thereof, contained in plaintiffs' letter of April 14, 1928, being exhibit A in the evidence, and defendant's answer thereto of April 20, being exhibit B in the evidence, together with the plans and specifications therein referred to and the conduct of the parties thereafter in reference to the work to be done. The two letters mentioned read as follows:

EXHIBIT A

"April 14th, 1928.

"M. J. O'Neil Co.,
"608 Exchange Bank Building,
"St. Paul, Minn.

"Gentlemen:
"We are please to quote on the electrical installation and wiring for the Municipal Power Plant at Austin, Minnesota, as per plans and specifications by Toltz, King & Day, engineers, for the sum of five thousand two hundred sixty dollars ($5,260.00).

"We are figuring the high tension feeders to the wall of transformer room. The plans do not show the distance required beyond this wall and we have been unable to get the information from the engineers. It will be necessary to obtain this information at the Power House.

"Very truly yours,
"Electric Supply & Construction Co."

EXHIBIT B

"Apl. 20, 1928.

"Electric Supply & Constr. Co.
"St. Paul.

"We accept your quotation of $5,260.00 Five Thousand Two Hundred and Sixty Dollars—Same to cover the Electrical Wiring installation in the Municipal Power Plant at Austin, Minnesota—complete—as per the plans and specifications prepared for same by Toltz, King & Day, Architects and Engineers.

"M. J. O'Neil, Inc.,
"Per E. J. Gorman."

The specifications stated that: "Contractor shall provide power feeders from auxiliary switching structures to present 2,300 volt bus," and specified the material to be used. They did not specify the length of wire or conduit. This wiring is the high tension feeders referred to in plaintiffs' letter. The specifications, which the plaintiffs were furnished and had, further provide:

"The contractor shall fully acquaint himself with the conditions of the site where this work is to be done, and with the local conditions surrounding same. He shall assume full responsibility for any expense to him which may arise from these conditions."

After receipt of defendant's letter of April 20, the plaintiffs, without further negotiations or communication with defendant, proceeded to perform the work and furnish and install the wiring and electrical appliances, including the high tension or feeder wires and conduit from switching structure or panel in the new building to the 2,300 volt bus in the older building. The 2,300 volt bus was located in a room in the basement of the old power house building but immediately adjoining the room in the new building where the new switching structure was located. Plaintiffs contend now that the furnishing and installing of the feeder wires and conduit beyond the wall of the new building was an extra expense not included in their contract, for which they are entitled to extra pay. The jury

awarded to plaintiffs $157.01 on this claim. The only question here presented is upon this item.

■ Plaintiffs' letter of April 14 showed that in making their bid they had figured the high tension feeders only to the wall of the transformer room in the new building. The defendant had the right to accept or reject the offer, or to accept it conditionally or with qualifications. If conditions or qualifications were annexed to the acceptance, no contract resulted unless and until plaintiffs acquiesced in or accepted the conditions or qualifications. Kileen v. Kennedy, 90 Minn. 414, 97 N. W. 126; Bastian Bros. Co. v. Wemott-Howard Co. 113 Minn. 196, 129 N. W. 369; Lowry C. Co. v. Andresen-Ryan C. Co. 153 Minn. 498, 190 N. W. 985; West v. First Nat. Bank, 165 Minn. 143, 205 N. W. 949; Brearley v. Schoening, 168 Minn. 447, 210 N. W. 588; M. & St. L. Ry. Co. v. Columbus Rolling Mill, 119 U. S. 149, 7 S. Ct. 168, 30 L. ed. 376.

■ The defendant accepted plaintiffs' offer to do the electric wiring and installation for the sum of $5,260, with the condition that it covered the electric wiring and installation complete as per plans and specifications prepared by the architects and engineers, which plans and specifications plaintiffs had been furnished. This condition was clear and specific. It was not ambiguous. The wiring here in question was clearly required by the specifications. It was then up to plaintiffs to accept or reject the condition or counter proposal made by defendant. By then promptly going ahead with and completing the work without objection the plaintiffs acquiesced in and consented to the new condition. Defendant's conditional acceptance amounted to a new offer on its part to pay plaintiffs $5,260 for furnishing and installing the electric wiring and appliances complete as required by the specifications. It falls within the general rule that where one to whom an offer is made goes ahead and performs in accordance with the offer his act is an acceptance. Union Bank v. Shea, 57 Minn. 180, 58 N. W. 985; Midland Nat. Bank v. Security Elev. Co. 161 Minn. 30, 200 N. W. 851; Hankins v. Young, 174 Iowa, 383, 156 N. W. 380; Mfrs. & M. Inspection Bureau v. Everwear Hosiery Co. 152 Wis. 73, 138 N. W. 624, 42 L.R.A. (N.S.)

847, Ann. Cas. 1914C, 449; 13 C. J. p. 275, § 73, and note 72; 6 R. C. L. p. 600, § 22, and note 12.

■ The trial court charged the jury that the letters, exhibits A and B, constituted the contract between the parties, and that the contract did not include the conduit and high tension feeder wires from the room in the new building to the bus in the old building; in other words, that this was extra work and material for which plaintiffs were entitled to recover, to which charge defendant excepted. The learned trial court erred in charging the jury as stated. The two letters mentioned did not constitute the contract between the parties. Defendant's letter, exhibit B, together with the plans and specifications, and the acceptance of exhibit B by plaintiffs in going ahead and performing the undertaking in accordance therewith, made the contract. There was no question properly submitted to the jury as to any modification of the contract, nor any evidence that would justify a finding that by any subsequent agreement between the parties this material and labor was taken out of the contract so as to become an extra for which defendant should be liable.

There was a balance of $250.13 unpaid on the contract price, conceded to be owing, and which the jury awarded to plaintiffs in addition to the $157.01 allowed on the claim in question. At the close of the evidence defendant moved the court to direct a verdict in plaintiffs' favor for the $250.13 and assigns as error the refusal of the court so to direct. Defendant was entitled to have such instruction given.

It is now ordered that the order of the trial court refusing so to direct judgment be reversed and that upon the going down of the remittitur herein the trial court vacate that part of the verdict awarding recovery of $157.01 for the extra item, and direct the entry of judgment in favor of the plaintiffs for the sum of $250.13, with costs in that court. Defendant is entitled to costs here.

Order reversed.