M. SAMUELS & COMPANY v. LOUIS F. ZORBAS AND
ANOTHER.[1]

January 16, 1931.

No. 28,217.

. *McCoy & Hansen,* for appellants.
*Hugh J. McClearn,* for respondent.

DIBELL, J.

Action to recover rent on a lease. There were findings for the
plaintiff. The defendants appealed from the order denying their
motion for a new trial.

On May 26, 1926, the plaintiff was the owner of property in Du-
luth. One Larkin represented it in negotiations with the defendant

[1]Reported in 234 N. W. 468.

Zorbas, who was in possession, for a lease over a period of years commencing in 1927. A lease dated May 26, 1926, acknowledged by Zorbas on the same day, was made and sent to the plaintiff at Baltimore for execution. Larkin had no authority to bind the plaintiff to the terms of a lease and Zorbas knew it. The lease was sent to Baltimore for execution by the plaintiff, was executed on June 3, 1926, and was returned at once by registered mail to Zorbas with this addition:

"The tenant agrees to pay as rent one-third of any tax increase on the property 319 W. Superior St. over and above $1,185.93 the tax rate now paid by the landlord."

This was inserted in the lease in handwriting. The letter accompanying the lease was dated June 3, 1926, and contained the following:

"We are inclosing herewith copy of lease for premises, 319 West Superior Street, from the first day of May, 1927 to the 31st day of March, 1934, executed by this Company and we wish to call your attention to the fact that under the clause eighteen, we have added:

" 'The tenant agrees to pay as rent one-third of any tax increase on the property, 319 West Superior Street, Duluth, Minnesota, over and above $1,185.93, the tax rate now paid by the landlord.'

"We feel confident that this will meet with your approval and would ask that you acknowledge receipt of lease, with added clause as noted."

The defendant Zorbas did not acknowledge receipt as requested. It is clear that no lease was made at Duluth. Larkin had no authority to make a lease. The parties understood it so. The lease sent to Baltimore was a proposal by Zorbas. The plaintiff made a substantial change and returned it to the defendant Zorbas. This was a rejection and counter-proposal. There was then no lease. An acceptance by Zorbas was essential.

The new lease was for seven years, was to commence on the first day of May, 1927, and was to end on March 31, 1934, and carried rent of $3,300 per annum for the first three years and $3,600 per

annum for the last three years and 11 months. The defendant Zorbas was in possession at the time; upon what terms does not appear. Zorbas continued in possession after May 1, 1927, and paid the rent as specified in the lease. The additional rent was not demanded, so far as appears, until 1929.

We are brought to the single question whether Zorbas accepted the lease as sent to him by the plaintiff from Baltimore. He says he cannot read nor write. His acceptance need not be by express words. It is not presumed but may be implied in fact. He is a Greek. He is 41 years old. He has been in this country 23 years. He has been in business for himself for 12 years. He served in the world war. He was familiar with business ways. He did a considerable business—enough to sustain an overhead charge for rent in excess of $3,000 per year. He met business men and knew their ways. When he received the registered mail containing the lease and accompanying letter he knew it was something of importance. He knew it was the lease and contained a letter. It was not essential that he expressly assent to the added provision. The facts do not permit findings entirely satisfactory. Still findings must be made, and if those made by the trial court have reasonable support they should stand. We think they do, and in mentioning the unsatisfactory condition of the evidence we do not mean to indicate that different findings would be more satisfactory.

In Johnson v. O'Neil, 182 Minn. 232, 234 N. W. 16, the question of the acceptance of a contract by act or acquiescence or implication is discussed and the cases cited at length. We do not repeat them. There is a helpful review of the cases in Shake v. Westchester F. Ins. Co. 158 Minn. 40, 196 N. W. 804, which the trial court followed. The trial court's view is stated in its memorandum as follows:

"Under the evidence in this case, the court is of the opinion that the additional clause inserted in the lease after the defendant Zorbas had signed the same and submitted it to the plaintiff for execution may well be inferred to have been assented to by said defendant Zorbas.

"It was not necessary to prove an express or formal consent. It was open to the court, as trier of the facts, to find such consent from the conduct of the parties, as disclosed by the evidence."

The finding of the trial court we hold sustained. There are a number of assignments, all of which have been considered but none of which we think we should use time in discussing. The heart of the controversy is discussed and decided. The connection of the defendant Omologieu with the case is not important nor definitely apparent.

Order affirmed.