LAWRENCE HECKMAN, APPELLANT, V. DONALD WALKER ET AL., APPELLEES.

92 N. W. 2d 548

Filed October 17, 1958. No. 34429.

Frederick M. Deutsch and Gordon L. Gay, for appellant.

B. B. Bornhoft and Hutton & Hutton, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action to recover the rent due under an oral lease of certain farmlands. The jury returned a verdict for the defendant Walker, hereinafter called defendant, and the plaintiff appealed.

The evidence shows that defendant leased certain lands belonging to the plaintiff for the 1955-crop year. Plaintiff testified that defendant rented certain described farm buildings and yards, a 25-acre pasture, and 8 acres of alfalfa for a cash rental of $550. In addition thereto defendant rented a 55-acre field of alfalfa for which he was to give one-half of the alfalfa crop in the stack as rent. Defendant contended that the cash rent was to be $450, although there is evidence the defendant's brother-in-law agreed to pay the additional $100, which he stated had been paid. Defendant testified that his brother-in-law agreed to pay one-half of the cash rent. The cash rent for 1955 appears to have been paid and all disputes adjusted, except that plaintiff took 1½ tons of hay in excess of one-half of the crop in dividing the hay in the stack. The undisputed evidence sustains a finding that defendant was short this ¾ of a ton of alfalfa hay worth $18.75.

Prior to the termination of the 1-year oral lease,

plaintiff caused a written lease for 1 year, covering the 1956-crop season, to be prepared, and delivered to the defendant. Defendant did not sign or return the lease, or make objection to its terms, and remained in possession for the 1956-crop year. The unsigned written lease described the same property that defendant had leased the year before upon the same terms, the lease expressly stating that the cash rent was to be $550. The defendant admitted having notice of the amount of cash rent demanded by the plaintiff before the termination of the 1955 lease.

It is the general rule that if a landlord notifies his tenant for a fixed term that in case he holds over beyond the term he must pay a specified increased rental, the tenant will become liable for such rental if he in fact holds over, and either remains silent with reference to the notice, or fails to express his nonassent to the terms thereof. This result follows despite the provision of the statute of frauds with reference to agreements not to be performed within 1 year; the implied contract does not arise until the new year begins. See, 32 Am. Jur., Landlord and Tenant, § 950, p. 800; Annotation, 109 A. L. R. 201. See, also, M. Samuels & Co. v. Zorbas, 182 Minn. 345, 234 N. W. 468; Buesch v. McCullough, 245 Ill. App. 68; Williams v. Foss-Armstrong Hardware Co., 135 Wis. 280, 115 N. W. 803. The defendant was clearly liable for cash rent for the year 1956 in the amount of $550.

The plaintiff claims that defendant failed and neglected to harvest the alfalfa-hay crop and that it was necessary for plaintiff to do so to protect his interest therein. He claims $338.41 as the cost of putting the hay in the stack. Included in this amount is an item of $98.41 for baling the hay. The lease agreement did not provide that defendant should bale the hay. He is not liable for this item. The balance of $240 is a proper item to submit to the jury under proper instructions.

Plaintiff claims that defendant, in dividing the 1956

hay crop, took 78 bales belonging to plaintiff. Defendant admits taking 50 bales of plaintiff's hay by mistake. The amount taken, if any, over and above the 50 bales admittedly taken, constitutes a jury question. The value of the 50 bales was $53.13.

It appears that defendant admittedly owed the plaintiff $550 cash rent and $53.13 for the 50 bales mistakenly taken. Plaintiff owes defendant $18.75 for excess hay taken from the 1955 crop. The jury should have been instructed that plaintiff was entitled to $584.38 under the undisputed evidence. Kuhlman v. Farmers Union Co-Operative Assn., 152 Neb. 597, 42 N. W. 2d 182. Other items claimed should have been submitted to the jury under proper instructions.

The verdict of the jury is contrary to the undisputed evidence in the record. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.