## Case No. 12,392.

SAWTELLE v. RAILWAY PASS. ASSUR. CO.

[15 Blatchf. 216.] [1]

Circuit Court, N. D. New York. Sept. 9, 1878.

INSURANCE—ACCIDENT—NEGLIGENCE OF ASSURED—DIRECTION BY COURT.

A contract of insurance against death or injury, issued by a railway passenger assurance company, provided that the company should not be liable for an injury incurred in consequence of the negligence of the assured. In a suit on such contract, it appeared that the assured died by falling from the platform of a railroad car, between 11 and 12 o'clock at night, when the train was in full motion, and he was either riding on the platform of the car or was passing from one car to another. No other circumstances being shown: Held, that the assured was guilty of negligence and met his death from exposure to unnecessary hazard, and that it was proper to direct a verdict for the defendant.

[Distinguished in Burkhard v. Travelers' Ins. Co., 102 Pa. St. 268.]

[This was an action by Eleanor Sawtelle, administratrix of Henry H. Sawtelle, against the Railway Passenger Assurance Company of Hartford, for the alleged nonperformance of an insurance contract. Heard on motion for a new trial.]

H. L. Comstock and W. S. Cameron, for plaintiff.

Grover Cleveland, for defendant.

WALLACE, District Judge. Upon the evidence it is clear that the assured met his death by falling from the platform of one of the cars of the Erie Railway Company, between eleven and twelve o'clock at night, when the train was in full motion, either while riding upon the platform of the car or while passing from one car to another. The contract of insurance provides, that "no claim for insurance shall be made when death or injury may have happened in consequence of exposure to unnecessary danger, hazard or perilous adventure," and that "standing, riding or being upon the platform of moving railway coaches, or entering or attempting to enter, leaving or attempting to leave, any public conveyance using steam as a motive power, while the same is in motion, are hazards not contemplated by the contract." If the assured met his death while riding upon the platform of the car, concededly, the plaintiff cannot recover. If he met his death while passing from car to car, the defence, probably, could not rest on the clause which excludes from the risk injuries received while "standing, riding or being upon the

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

platform of moving railway coaches," because, these words do not fairly refer to a transitory occupation of the platform. Neither is it clear that the defence could rest on the other clause, which excludes from the risk injuries received "while entering or attempting to enter, leaving or attempting to leave, a public conveyance using steam as a motive power, while the same is in motion," there being fair room for argument that these words refer to the act of getting on or getting off the train, or attempting to do so, and not to that of passing from one part of the conveyance to another. Conceding, however, for the purposes of the case, that the instruction to the jury to find for the defendant could not be justified by either of the clauses of the contract last considered, it was, nevertheless, properly given, because the contract excludes indemnity to the assured for an injury incurred in consequence of his own negligence.

Negligence and "exposure to unnecessary danger" are equivalent terms; and, if the jury had found that the deceased did not lose his life "in consequence of exposure to unnecessary hazard," the verdict could not have been sustained, upon the settled rules of the law of negligence. There were no disputed facts, and no disputable inferences of fact, which presented a question for the jury. The naked question, therefore, is one of law, whether or not the act of passing from car to car while the train is at full speed, and in the night time, is negligence; and this question must be resolved in the affirmative. Doubtless, circumstances of such peril might exist as would justify a passenger in attempting to escape from the car in which he might be located; but no such circumstances were shown here. If the deceased had fallen from the platform and been injured by the breaking of the coupling between the cars, the railroad company could have successfully defended an action to recover damages, upon the ground of his concurring negligence, although it might have been shown that the coupling gave way because of defects in its fastening or material. Negligence is the absence of that care which a reasonable and prudent man would exercise under the circumstances of the case; and, can it be doubted that a prudent man would understand that he was acting at his peril if he attempted, in the night time, and while the train was under full headway, to pass from one car to another? Such are the undulations of a railway car, when the train is in rapid motion, that locomotion within the car is a task of some difficulty. The passenger moves with uncertain step, and seeks assistance by grasping the seats, as the car sways to and fro. But, the passage from car to car is attended with greater difficulty. The din and clamor of the train. the rushing of the wind and dust and smoke, the consciousness that a misstep or miscalculation of distances may be fatal, tend to confuse or excite the facul-

ties and disturb the judgment; and, although it is a common practice thus to pass from car to car, it is rarely accomplished without experiencing a sense of relief when it has been safely done. When darkness adds another condition of uncertainty to the attempt, there can be no justification of the act, in the mind of any prudent man.

In this case, the defendant met his death while exposing himself to the danger of passing from car to car. Nothing is shown to raise the inference that any unwonted circumstance occurred to produce the fatal conclusion of his attempt. It is reasonable to infer, that, like many who have met a similar fate, he lost his balance or made a misstep.

It has been repeatedly held concurring negligence sufficient to defeat a plaintiff, that his injury occurred while attempting to get on or get off a car while in motion; and this irrespective of the fact whether the motion was rapid or slow. The reasons for this rule apply with equal force to an attempt to pass from car to car; and, when, as here, the attempt is made in darkness, and while the train is at full speed, it must be justified by some necessity, or it cannot escape the imputation of negligence.

The direction for a verdict for the defendant was right, upon the ground that the assured was guilty of negligence and met his death in consequence of exposure to unnecessary hazard.

The motion for a new trial is denied.