HAMITER, Justice.
Ralph W. Holmes and his wife instituted this suit on a policy issued by the defendant which named the husband as the insured and covered his 1957 Ford sedan. Plaintiffs demand judgment in the sum of $5,000 for the death of their minor daughter who was killed in an accident while a passenger in such automobile.
The district court dismissed the suit on an exception of no cause of action, and the plaintiffs are appealing.
The policy in question (attached to and made a part of the petition) provides mainly for liability, medical, comprehensive and collision insurance. Additionally, it contains provisions relative to automobile death indemnity (plaintiffs claim under these) which, we are informed by counsel, constitute a type of insurance that was only recently authorized in this state. This latter coverage is found in an endorsement (Numbered A-597), the defendant having agreed therein to pay “the principal sum stated in the declaration (in this case ($5,-000) in the event of the death of the insured' which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while in or upon or while entering or alighting from, or through being struck by, an automobile * * *
Plaintiffs insist that their daughter, as well as all other passengers in the covered automobile, was an insured within the meaning of the policy. But they cite no provision of the endorsement relating to death indemnity (and we have found none) which specifically sustains their position. Instead, for the success of the suit, they rely principally on provisions in the main portion of the insuring agreement, particularly some dealing with liability and medical payments. Too, they point to certain language hereinafter discussed which, they argue, renders the death indemnity coverage ambiguous and therefore subject to an interpretation in their favor.
By considering the death indemnity endorsement alone we have no difficulty in understanding exactly its purpose and intent. The provisions thereof convey but one meaning, it being that the contract provides insurance against accidental death of the named insured arising from use of or contact with an automobile. Therein, the named insured is defined to be: “ * * * the first named individual shown on Item 3 of the Declaration unless a specified person is named on Item 4 of the Declaration”. Item 3 of the policy’s declaration contains the name “Ralph W. Holmes”. And Item 4 is blank. Consequently, coverage for death indemnity under the plain language of the endorsement is afforded only to *728 Ralph W. Holmes — the individual named in Item 3.
Plaintiffs seek to enlarge the meaning of the word “insured” contained in the endorsement by making reference to definitions found in the main portion of the policy; but they are inapplicable here for the reason that Section 1 of the “Conditions” of the endorsement specifically provides: “None of the insuring agreements, exclusions, or conditions of the policy shall apply to the insurance afforded by this endorsement except the conditions ‘Notice of Accident,’ ‘Action Against Company — Medical Payments,’ ‘Changes,’ ‘Cancellation,’ ‘Assignment’ and ‘Declarations.’ ”
Directing attention to Section 6 of the endorsement and to Item 7 of the declaration counsel for plaintiffs argue that the phraseology thereof indicates that more than one person is included in the endorsement’s coverage and, hence, the contract respecting death indemnity is ambiguous. The mentioned Section 6 states: “If the named insured dies, any insurance afforded under this endorsement with respect to any surviving insured shall be continued while the policy is in effect.” And in Item 7 of the declaration it is provided that the death indemnity is limited to “$5,000 per person.”
Counsel for the defendant concede that the mentioned phraseology does suggest that more than one person might have been insured by the endorsement. And they correctly point out that coverage for a second person would have resulted if the name of that individual had appeared in Item 4 of the declaration, and that the printed language so used was for the purpose of caring for such a contingency. However, the declaration, as before shown, names only Ralph W. Holmes.
It is our opinion, therefore, that the trial judge properly sustained defendant’s exception of no cause of action.
For the reasons assigned the judgment appealed from is affirmed.