# RAYMOND STEIN v. NATIONAL FARMERS UNION PROPERTY & CASUALTY COMPANY.

161 N. W. (2d) 533.

August 30, 1968—No. 41,071.

*Johnson, Schmidt & Thompson* and *John C. Lindstrom,* for appellant.
*Prindle, Maland & Ward* and *Marquis L. Ward,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and Peterson, JJ.

NELSON, JUSTICE.

Appeal from a judgment of the district court determining that a policy of insurance issued to plaintiff, Raymond Stein, by defendant, National Farmers Union Property & Casualty Company, did not provide accidental death indemnity benefits for the death of plaintiff's son, Kenneth Stein.

Plaintiff brought the action to collect a death benefit in the amount of $5,000 pursuant to an insurance agreement entitled "Automobile Accidental Death Indemnity Benefits" attached to a policy originally issued to plaintiff as the insured.

The facts are not in dispute. Plaintiff had a policy of insurance with defendant insurance company. On January 10, 1965, while this policy was in force, plaintiff's son was killed in an automobile accident. The policy provided automobile insurance coverage for liability; property damage; medical services; uninsured motorists' protection; and the accidental death indemnification of $5,000 added by the endorsement, which provided that defendant agreed:

"To pay the principal sum stated in the event of the death of the insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while in or upon, or while entering into or alighting from, or through being struck by, an automobile, provided the death shall occur (1) within ninety days after the date of the accident, or (2) within fifty-two weeks after the date of the accident and during a period of continuous total disability of the insured. *Insurance afforded is only with respect to the person or persons designated herein as insured.*" (Italics supplied.)

The endorsement contained the following "Conditions," which are determinative of its application:

"Policy Provisions. None of the insuring agreements, exclusions, or conditions of the policy shall apply to the insurance afforded by this endorsement except the conditions 'Notice of Accident', 'Action Against Company — Medical Payments', 'Changes', 'Cancellation', 'Assignment' and 'Declarations'.

\* \* \* \* \*

"Death of Named Insured. If the *named insured* dies, any insurance afforded under this endorsement with respect to any surviving insured shall be continued while the policy is in effect." (Italics supplied.)

It appears that defendant sent the following notice to plaintiff relative to the $5,000 death indemnity coverage and how it might be obtained:

"Dear Farmers Union Insured:

"Farmers Union has just added a new coverage to your automobile insurance policy. This endorsement, which is enclosed, gives you $5,000 of protection if the insured (whichever person is named first on your auto policy) is killed in an automobile accident. You are covered while riding in any car — your own or one owned by someone else — and also are protected while walking or getting in or out of a car. One endorsement and one low premium covers you for all the cars you own.

"The slight additional charge — $1 per 6 months, $2 per year — for this extremely broad, $5,000 coverage — is included in your premium notice. Full details are given in the endorsement.

"If you wish to protect other members of your family who live in your home, complete below for additional coverages:

"Names of family members living in household to be added for $5,000 Death Indemnity Coverage:

"(One name per line) _____

_____

_____

_____ "

While defendant admitted that plaintiff had notified the insurer of his intention to claim the death indemnity benefits under the terms and provisions of said policy and that it had refused to pay them, it specifically denied that its refusal was a breach of the insurance contract.

■ An examination of the provisions of the accidental death indemnity endorsement indicates that it contains only an agreement by defendant to pay to the named insured indemnity death benefits in consideration of the payment of an additional premium or premiums and in reliance upon the declarations and subject to the amounts of insurance, exclusions, con-

ditions, and other terms of the endorsement and the policy to which the endorsement was attached.

Under the circumstances, the only person covered by the death indemnity endorsement was Raymond Stein, the named insured in the policy to which the endorsement was attached. No other person was designated as insured under the coverage provided in the accidental death indemnity endorsement. Nothing could be more clear than the statement in the notice to "Dear Farmers Union Insured" that the total premium shown on the automobile renewal notice included $1 for such coverage for the first-named insured on such policy.

In view of the notice and the provisions in the endorsement, it is clear that the plaintiff, the named insured, did not intend to include any other member of his family or his household or he would have inserted their names upon this endorsement. No additional names appear, and there is no evidence that any additional premiums for coverage of other members of plaintiff's family or household were ever paid. Thus, it is clear that the coverage under the indemnity endorsement was limited to the named insured, Raymond Stein.

Other coverages in the policy itself define "insured" in differing ways — liability protection defines it under "Persons Insured"; physical damage protection defines it under its own "Definitions" section; and so does the protection against "Uninsured Motorists" coverage. To say that one of these definitions should be used to define "insured" as used in the endorsement is a judgment which no court is qualified to make and which would be contrary to the first paragraph of the "Conditions" in the endorsement, which identifies it as an independent agreement and thus not subject to the definitions in the policy.

Certain extrinsic evidence might properly be considered to resolve an ambiguity in a contract such as this or explain its terms and for the further purpose of determining, without favoritism toward either party, who is an "insured" under the particular provisions of the policy involved. Leslie v. Minneapolis Teachers Retirement Fund Assn. 218 Minn. 369, 16 N. W. (2d) 313; Minnesota Mutual Life Ins. Co. v. Wright (8 Cir.) 312 F. (2d) 655; 44 C. J. S., Insurance, § 308(a, d). Here, however, there is no ambiguity.

While plaintiff testified that he has now applied for accidental indemnity death coverage for his wife and eldest son, that fact has no bearing here since it is undisputed that he made no such application before. If he intended to have coverage for his deceased son, he would have had to make the proper application, which would have become a part of the policy and evidence thereof, and to pay the required premium.

"Automobile Accidental Death Indemnity Benefits" appears to constitute a new coverage added to automobile insurance policies. It is so referred to in the notice offering it to plaintiff as an additional coverage requiring added premium or premiums. This coverage has been passed upon in recent years by state courts outside of Minnesota. One case appears to be identical and practically on all "fours" with the case at bar. In Holmes v. Southern Farm Bureau Cas. Ins. Co. 240 La. 153, 121 So. (2d) 726, the endorsement used was practically identical to the endorsement used in the instant case with the exception that the term "named insured" was defined somewhat more specifically. The Louisiana Supreme Court in referring to the death indemnity coverage had this to say (240 La. 155, 121 So. [2d] 727):

"The policy in question (attached to and made a part of the petition) provides mainly for liability, medical, comprehensive and collision insurance. Additionally, it contains provisions relative to automobile death indemnity * * *. This latter coverage is found in an endorsement (Numbered A-597), the defendant having agreed therein to pay 'the principal sum stated in the declaration (in this case ($5,000) in the event of the death of the insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while in or upon or while entering or alighting from, or through being struck by, an automobile * * *.'

"Plaintiffs insist that their daughter, as well as all other passengers in the covered automobile, was an insured within the meaning of the policy. But they cite no provision of the endorsement relating to death indemnity (and we have found none) which specifically sustains their position. Instead, for the success of the suit, they rely principally on provisions in the main portion of the insuring agreement, particularly some dealing

with liability and medical payments. Too, they point to certain language hereinafter discussed which, they argue, renders the death indemnity coverage ambiguous and therefore subject to an interpretation in their favor.

"By considering the death indemnity endorsement alone we have no difficulty in understanding exactly its purpose and intent. The provisions thereof convey but one meaning, it being that the contract provides insurance against accidental death of the named insured arising from use of or contact with an automobile. Therein, the named insured is defined to be: '* * * the first named individual shown on Item 3 of the Declaration unless a specified person is named on Item 4 of the Declaration'. Item 3 of the policy's declaration contains the name 'Ralph W. Holmes'. And Item 4 is blank. Consequently, coverage for death indemnity under the plain language of the endorsement is afforded only to Ralph W. Holmes — the individual named in Item 3."

The Louisiana court held that the trial judge properly sustained defendant's exception of no cause of action and affirmed the judgment appealed from.

Another case of similar import is King v. Zurich American Ins. Co. (D. C. App.) 203 A. (2d) 429. This case again involved the interpretation of a contract of insurance. The facts were undisputed. Appellant purchased from appellee a "family automobile policy" with liability, comprehensive, and collision coverage. By an endorsement to the principal policy, and for an additional premium, appellant also purchased certain "automobile death and specific disability benefits." While riding as a passenger in the automobile with her husband, appellant's wife received injuries which resulted in her death. The question was whether she was covered under the death benefits section of the endorsement. The principal policy named appellant, John W. King, as the "named insured" and also included his spouse, if a resident of the same household. It was therefore clear that the wife was included under the coverage of the principal policy. Appellant argued that since his wife was an insured within the definition of "named insured" under the principal policy and, since the endorsement in more than one instance uses the expression "named insured," she was also an insured under the endorsement. The court held

that only one person, appellant, was designated as an insured in the endorsement schedule and sustained the trial court in holding that the wife was not an insured under the coverage in the endorsement.

We think the King and Holmes cases are sound. While plaintiff has argued that there is some ambiguity in the use of the term "insured" in the endorsement, on a reading of the endorsement as a whole the trial court could properly conclude only that the word "insured" was limited to the "named insured" unless otherwise specified.

■ It has often been stated that courts will not redraft insurance policies in order to provide coverage where the plain language of the policy indicates that no coverage exists. We have examined the cases of Simon v. Milwaukee Auto. Mutual Ins. Co. 262 Minn. 378, 115 N. W. (2d) 40, and Shake v. Westchester Fire Ins. Co. 158 Minn. 40, 196 N. W. 804, cited by plaintiff, but find those cases factually distinguished from the instant case and not applicable here. Bobich v. Oja, 258 Minn. 287, 104 N. W. (2d) 19, cited by plaintiff, when considered in its entirety, is strongly in support of defendant's position in the instant case.

Likewise, G. C. Kohlmier, Inc. v. Mollenhauer, 273 Minn. 126, 140 N. W. (2d) 47, supports defendant's position. This court in the Kohlmier case noted the differences in the use of the word "insured" in various parts of the policy and refused to take certain qualified definitions of the word "insured" from other parts of the policy and improperly force those definitions to apply to the word "insured" as used in an employee-exclusion clause. In Lang v. General Ins. Co. 268 Minn. 36, 127 N. W. (2d) 541, this court affirmed the trial court's refusal to rewrite an insurance policy to cover something that was not intended, noting that the policy was intended to protect the homeowner from liability arising out of occurrences on his premises and would not be rewritten to cover the operation of motor vehicles away from those premises. These holdings are consistent with the holding of the trial court in the instant case.

The judgment of the court below must be affirmed.

Affirmed.