### ERVIN J. OSTENDORF v. ARROW INSURANCE COMPANY.

182 N. W. (2d) 190.

December 4, 1970—No. 42384.

*Quinlivan, Williams, Johnson & Quinlivan* and *Richard R. Quinlivan,* for appellant.

*Roger J. Nierengarten* and *O. C. Adamson II,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Rogosheske, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from a judgment of the district court in a declaratory judgment action to determine whether the uninsured motorists coverage provided in an insurance policy written by defendant, Arrow Insurance Company, is applicable to an accident involving the minor daughter of plaintiff insured, Ervin J. Ostendorf. Upon a stipulation of facts, the district court ruled that the policy afforded coverage.

It appears from the stipulation that on December 28, 1966, plaintiff drove his insured automobile to Waite Park, Minnesota, where he parked on the north side of Third Street. He was accompanied by his daugher, Joyce, then 6 years of age. She got out of the car, crossed the street to a dairy store where she purchased some potato chips, and started to return across the street to plaintiff's automobile. At a point approximately 10 feet southerly of her father's car, and while she was still on the traveled portion of Third Street, Joyce was struck by an automobile driven by an uninsured motorist. She suffered a fractured right femur and a cerebral concussion.

Subsequent to the accident, a claim was made upon the defendant insurance company for damages sustained by plaintiff and personal injuries sustained by Joyce as a result of the accident. The claim was made pursuant to Coverage F of the policy, the uninsured motorists coverage. In response, defendant alleged that uninsured motorists coverage under the policy was limited to insureds who were "occupying" the insured vehicle and that coverage did not extend to pedestrians. Defendant therefore denied coverage, and plaintiff brought this action.

The sole legal issue raised for determination by the trial judge was whether Joyce was "occupying" plaintiff's automobile, as the term is defined in the policy, when she was struck by the uninsured automobile.

The trial judge found that Joyce would be within the uninsured motorists coverage if, when injured, she was occupying the insured's automobile. The policy defines "occupying" as follows:

"For purposes of this coverage 'occupying' shall mean in or upon, entering or alighting from the insured automobile."

He also found that the policy definition of "occupying" shows intent of the insurer to provide uninsured motorists protection to a passenger when the automobile was parked and the passenger outside of it; that the insurer had not required that the passenger be touching the insured automobile in order to be considered as entering it, because the word "upon" in the definition of "occupying" covers actual contact; and that "entering" refers to a time, location, and conduct antecedent to physical contact with the insured automobile. The last finding of fact states:

"Since Joyce was undergoing a necessary and integral part of a process of getting back within the insured automobile and was subjected to a hazard reasonably incident to that process, and reasonably within the contemplation of the parties, she filled, substantially, all of the requirements for coverage and she was 'entering' the insured automobile within the meaning of Coverage F when she was struck."

The trial judge concluded that Joyce was "occupying" the automobile of plaintiff, as the term is defined in Coverage F, when she was struck.

In a memorandum accompanying the order, the trial judge took the position that our decisions defining the language in motor vehicle insurance policies "have read the policies not literally nor simply with aid of a dictionary, but practically, and for a meaning that is sensible to the purpose of insurance." He also

referred to "loading" and "unloading" cases as an analogy which we do not consider controlling in the case before us. The memorandum further stated that the fact Joyce was approaching the car did not mean she was not also entering it because approaching is a part of the process of entering.

On appeal defendant argues that the ordinary meaning of the word "occupying" would contemplate the insured being in the insured automobile and that the policy expands the meaning of the word to mean "in or upon, entering or alighting from." Defendant further contends that Joyce was not "in or upon" her father's car, since she was not in contact with it. Citing Webster's New World Dictionary (College ed.), defendant asserts that "entering" means getting into and that "entering" an automobile means getting into the car. Cf. Sawtelle v. Railway Passenger Assur. Co. 21 Fed. Cas. 555, 556. It is defendant's further position that the word "entering" is not ambiguous but that plaintiff seeks to introduce ambiguity into the word by reference to the facts to which he seeks to apply it.

Plaintiff claims, however, that the general hazard covered by defendant's policy is injury caused by an uninsured motorist arising out of the use of plaintiff's automobile; that the policy also declares that anyone entering plaintiff's car is entitled to such protection; that Joyce was recrossing the street and about to enter the car when she was struck by an uninsured motorist; and that defendant should not be permitted to escape its contractual obligation by coupling an unduly strict construction of its policy with the fortuitous circumstance that when she was struck she hadn't quite reached the point where she could touch the car.

After consideration of the record, briefs, and oral argument, as well as the findings, conclusions, and memorandum of the trial court, we conclude that Joyce was not entering her father's car under the terms of the policy when the accident happened.

We have often stated that courts will not redraft insurance policies in order to provide coverage where the plain language

of the policy indicates that no coverage exists. Stein v. National Farmers Union Property & Cas. Co. 281 Minn. 287, 161 N. W. (2d) 533. We have said also that the terms used in an insurance policy must be given their plain, ordinary, and popular meaning, so as to effect the intent of the parties. Hammer v. Malkerson Motors, Inc. 269 Minn. 563, 132 N. W. (2d) 174.

The insurance contract before us represents the entire agreement between the parties. When the language is unambiguous, as we believe it is here, we are not at liberty to rewrite or to undertake judicial construction of the policy. Any construction of the policy must do no more than give effect to the plain meaning of the language. Gabrelcik v. National Ind. Co. 269 Minn. 445, 131 N. W. (2d) 534.

The rule that if a provision in an insurance contract is ambiguous, it must be construed against the insurer who prepared the contract, is limited by the rule that where the insurance contract is unambiguous, the language must be given its ordinary and usual meaning, the same as any other contract. Simon v. Milwaukee Auto. Mutual Ins. Co. 262 Minn. 378, 385, 115 N. W. (2d) 40, 45; Bobich v. Oja, 258 Minn. 287, 104 N. W. (2d) 19.

Reversed.