**Jose SANCHEZ, d.b.a. Sanchez Auto Service, Appellant,**

v.

**WESTERN CASUALTY & SURETY COMPANY, Respondent.**

**No. C1–86–2210.**

Court of Appeals of Minnesota.

April 28, 1987.

Ralph S. Parker, II, Minneapolis, for appellant.

Richard W. Sunde, Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and WOZNIAK and STONE *, JJ.

## OPINION

STONE, Judge.

In this appeal from a summary judgment, appellant contends the trial court erred in its interpretation of the insurance contract in question. We disagree and affirm.

## FACTS

The facts of this case are undisputed. Appellant Jose Sanchez owns and operates Sanchez Auto Service as a sole proprietor. To protect against liability to others, appellant purchased a Service Station Protection Insurance Policy from respondent Western Casualty & Surety Company. In the policy's declaration section appellant is identified as the named insured.

On May 2, 1984, a customer driving her car into the service bay struck appellant who incurred injuries and substantial medical expense. Appellant unsuccessfully sought reimbursement from respondent for his medical expenditures. Respondent denied coverage, claiming appellant's policy does not insure appellant for the liability of others to himself. Appellant then brought suit against respondent, arguing the policy does cover such liability. Both parties brought summary judgment motions; the trial court denied appellant's motion and granted respondent's. This appeal followed.

* Acting as judge of the Court of Appeals by ap-

## ISSUE

Did the trial court err in granting respondent summary judgment?

## ANALYSIS

Both parties identify the issue in this case as whether or not a customer qualifies as an "insured" under the policy in question. However, for appellate review purposes, the narrower issue is whether the trial court correctly granted summary judgment. Pursuant to Rule 56.03 of the Minnesota Rules of Civil Procedure, summary

> [j]udgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.P. 56.03. Summary judgment motions should be denied if reasonable persons could draw different conclusions from the evidence presented. *Anderson v. Twin City Rapid Transit Co.*, 250 Minn. 167, 186, 84 N.W.2d 593, 605 (1957).

Appellant, in effect, argues that summary judgment is improper because the insurance policy's language is susceptible to more than one meaning. He specifically contends the term "named insured" includes both the owner of the policy and the owner's customers.

The policy reads in applicable part:

## THE WESTERN CASUALTY AND SURETY COMPANY

### FORT SCOTT, KANSAS

DECLARATIONS A Stock Insurance Company

Item 1. Named Insured and Address
Jose Sanchez DBA: Sanchez Auto Service
542 Stryker Avenue
St. Paul, Minnesota 55107

Item 2. Policy Period (Mo Day Yr):
From September 30, 1983 to September 30, 1984 12:01 A.M., standard time at the

pointment pursuant to Minn. Const. art. 6, § 2.

address of the named insured as stated herein

The insured is Individual (INDIVIDUAL PARTNERSHIP, CORPORATION, ETC.)

Location of insured premises Same

\*   \*   \*   \*   \*   \*

## INSURING AGREEMENTS

II.   Coverage 1—Bodily Injury Liability:

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by an occurrence and arising out of the hazards hereinafter defined.

\*   \*   \*   \*   \*   \*

## DEFINITION OF HAZARDS

Division    (a)–Premises-Operations-Customers' Automobiles:

The ownership, maintenance or use of the premises for the purpose of an automobile service station and all operations necessary and incidental thereto; and the use in connection with such operations of any customers' automobile provided such automobile is not registered in the name of, nor owned in full or in part, borrowed, leased or hired by the insured, a partner therein, or employees or agents of the insured, or by a member of the household of any such person

Division (a) of the Definition of Hazards was amended to read:

The ownership, maintenance or use of the premises for the purpose of an automobile service station and all operations necessary and incidental thereto; and the use in connection with such operations of any automobile owned by a customer or any automobile owned by or in charge of an employee of the named insured, provided such automobile is not registered in the name of, nor owned in full or in part, leased or hired by the named insured, a partner therein, or by a member of the household of any such person.

An endorsement issued subsequent to the policy entitled "Garagekeepers Insurance" states:

II.   Persons Insured

Each of the following is an insured under this endorsement to the extent set forth below:

(a)  the named insured;

(b)  if the named insured is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the named insured with respect to the conduct of such a business;

(c)  any employee, director or stockholder of the named insured while acting within the scope of his duties as such; and

(d)  if the named insured is designated in the declarations as a partnership or joint venture, any partner or member of such partnership but only with respect to his liability as such.

Based upon these policy provisions, we must conclude that appellant is the only "named insured" and that the trial court correctly granted respondent summary judgment.

The policy clearly indicates that it serves to provide appellant, as a business entity, with insurance coverage for liability to others and not for injury to himself. Other various sections and endorsements of the policy further demonstrate that this is a business protection policy rather than a health and accident policy. The policy cannot be read to extend coverage to others for their liability to appellant. The court cannot redraft insurance policies in order to provide coverage where the plain language of the policy indicates that no coverage exists. *See Stein v. National Farmers Union Property and Casualty Co.,* 281 Minn. 287, 293, 161 N.W.2d 533, 537 (1968).

## DECISION

The trial court correctly granted respondent summary judgment.

Affirmed.