Carla C. LOTT, Respondent,

v.

**STATE FARM FIRE & CASUALTY COMPANY, a foreign corporation, petitioner, Appellant.**

No. C6-94-1759.

Supreme Court of Minnesota.

Dec. 15, 1995.

Steven J. Cahill, Moorhead, for appellant.

Steven E. McCullough, West Fargo, ND, for respondent.

William M. Hart, Christopher G. Schulte, Minneapolis, for amicus curiae Insurance Federation of Minnesota.

## OPINION

PAGE, Justice.

Carla C. Lott (Lott) commenced a state district court action in North Dakota against Scott Roesler (Roesler) as a result of injuries she sustained on September 1, 1990, when she was thrown from a dock into Tamarac Lake by Roesler during a Labor Day weekend party. Roesler's mother, Zona Roesler, and his mother's brothers and sister owned the lake property where Lott sustained her injuries. The lake property was insured by State Farm Fire & Casualty Company (State Farm) pursuant to a homeowner's insurance policy issued to Zona Roesler as the insured. Roesler tendered his defense of Lott's claim to State Farm. State Farm denied coverage and declined to defend Roesler based on State Farm's contention that Roesler was not an insured under the insurance policy covering the lake property. Subsequently, Roesler assigned and transferred to Lott his right to sue State Farm. Lott then commenced this Minnesota declaratory judgment action against State Farm in Clay County District Court, seeking a determination that State Farm has a duty to defend and indemnify Roesler in her North Dakota action and that the insurance policy provides coverage for her injuries.

Lott and State Farm filed cross motions for summary judgment, and the district court granted summary judgment for Lott and denied State Farm's motion. The district court, finding that "the defining household is that embraced by the policy's specifically identified residence premises; i.e., the lake property," also found that Roesler was a resident of that household and granted Lott's motion. The court of appeals affirmed, holding that: (1) the insurance policy in question is ambiguous as it relates to whether the insured's household referred to in the policy is Zona Roesler's primary domicile in Fargo, North Dakota, or the cabin located on the lake property; (2) under the facts of this case, the cabin located on the lake property is the relevant household for making a determination as to whether Roesler was a resident of the insured's household; and (3) Roesler was a resident of the insured's household. We reverse.

On September 1, 1990, Lott was a guest of Roesler's at a cabin located on Tamarac Lake in Otter Tail County, Minnesota. They were spending Labor Day weekend at the cabin with Roesler's family, which included Roesler's parents, Zona and Ed Roesler; his brothers, Tyler and Barry Roesler; and his grandmother; in addition to an unspecified number of Roesler's cousins.[1]

At the time Lott was injured, the people at the cabin were engaging in the Roesler family's annual Labor Day weekend toga party. A regular feature of the toga party involved the participants jumping into Tamarac Lake. Lott was not taking part in the party and did not want to get wet. In spite of her objections to getting wet, Roesler threw Lott off a dock into the lake. According to Lott, she sustained a bimalleolar fracture of the right ankle, showering bone chips in the fracture area, internal blood clots in the fracture area, as well as severe pain, mental anguish, and permanent impairment as a result of being thrown into the lake.

Roesler's mother, Zona Roesler, who lives in Fargo, North Dakota; her brothers, Eldon D. Chrest of San Bernadino, California, and Lyle Chrest of Riverside, California; and her sister, Lona Nelson of Bismarck, North Dakota, own the lake property where Lott sustained her injuries. The cabin is a one-story structure with three bedrooms and a bath. The cabin is "open" each year from the middle of May until it is "closed" for the winter in the latter part of September. The cabin is used on a regular basis by members of Zona Roesler's extended family, including her brothers and sister, her mother, and her mother's grandchildren. Zona Roesler and her immediate family, Ed Roesler, Tyler Roesler, as well as Zona Roesler's mother, have identified bedrooms in the cabin and use the cabin more than any of the other family members.

Roesler, who was a self-supporting 30–year-old on the date of Lott's injuries, lived in an apartment on 45th Street in Fargo, North Dakota, and had not lived with his parents since 1982. Roesler had lived at the 45th Street address since 1986, received his mail there, and maintained all of his clothing and furnishings there. The apartment was not covered by renter's insurance. Roesler visited the cabin on average 10 weekends a season and spent at least one full week on vacation there each season. On the weekends when other family members were present at the cabin, Roesler usually slept in his "pickup camper." However, during the vacation week, when no one else was around, he slept in the cabin. Roesler owned a speed boat which he kept at the cabin.

On the weekend Lott was injured, Roesler's parents, his brother Tyler, his grandmother, and possibly three other people slept in the cabin. Roesler, as he usually did when others were present at the lake cabin, slept in his "pickup camper."

The record indicates that members of Zona Roesler's extended family, who used the cabin regularly, had keys to the cabin and did not have any restrictions on their use of the cabin. These family members were free to eat whatever food was at the cabin and to use any of the recreational equipment kept at the cabin. Family members, including Roesler, who regularly spent time at the cabin, contributed to a monetary fund used for paying the lake property's expenses such as insurance premiums, phone bills, and general maintenance. Married family members contributed $100 per season to the fund, and single family members contributed $50 per season. Zona Roesler was responsible for writing the checks from the fund to pay for these expenses.

The lake property was insured by State Farm Fire & Casualty Company under a homeowner's policy issued to Zona Roesler as the insured. The insurance policy provides:

## DEFINITIONS

4. "insured" means you and, if residents of your household:

   a. your relatives;

   b. any other person under the age of 21 who is in the care of a person described above;

   \*    \*    \*    \*    \*    \*

1. There were also an unspecified number of family friends present.

5. "insured location" means:

a. the residence premises;

    \*    \*    \*    \*    \*    \*

10. "residence premises" means the one, two, three or four-family dwelling, other structures, and grounds or that part of any other building where you reside and which is shown in the Declarations.

    \*    \*    \*    \*    \*    \*

### SECTION II—LIABILITY COVERAGES

### COVERAGE L—PERSONAL LIABILITY

If a claim is made or a suit is brought against an insured for damages because of bodily injury \* \* \* to which this coverage applies, caused by an occurrence, we will:

1. pay up to our limit of liability for the damages for which the insured is legally liable; and

2. provide a defense at our expense by counsel of our choice.

Thus, under the terms of the policy, if Roesler is not a resident of Zona Roesler's household, he is not an insured under the policy and is not entitled to have State Farm defend and indemnify him in this action.

State Farm's appeal presents two issues for our review: (1) whether the phrase "residents of your household," as used in the homeowner's insurance policy covering the lake property, is ambiguous; and (2) whether Roesler was a resident of the insured's household.

■ When reviewing a trial court's grant of summary judgment, this court determines: (1) whether there are any genuine issues of material fact; and (2) whether the lower court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). In reviewing the record, the court must view the evidence in the light most favorable to the party against whom summary judgment was granted. *Id.*

■ "Whether the language of an insurance policy is ambiguous is a question of law to be decided initially by the trial court." *Columbia Heights Motors, Inc. v. Allstate*

*Ins. Co.,* 275 N.W.2d 32, 34 (Minn.1979). On appeal, this court must determine "whether the trial court was correct in finding ambiguity." *Id.* An ambiguity exists if the language of a policy is subject to more than one interpretation. *Id.* When the language of the policy is ambiguous, the ambiguity is to be construed in favor of the insured and in accordance with the reasonable intent of the parties, but this court will not redraft insurance policies to provide coverage "where the plain language of the policy indicates that no coverage exists." *Ostendorf v. Arrow Ins. Co.,* 288 Minn. 491, 494–95, 182 N.W.2d 190, 192 (1970).

■ The district court found, and the court of appeals agreed, that the phrase "residents of your household" as used in the State Farm insurance policy was ambiguous. However, in *Firemen's Ins. Co. v. Viktora,* 318 N.W.2d 704, 706 (Minn.1982), we found similar language—"residents of the [n]amed [i]nsured's household"—to be clear and unambiguous. *See also Tollefson v. American Family Ins. Co.,* 302 Minn. 1, 226 N.W.2d 280, 283 (1974) (phrase "residents of the same household" is unambiguous). The language here is no less clear and unambiguous. "Where the language is unambiguous, we \* \* \* will apply the phrase to the facts of the case in order to give effect to the plain meaning of the language." *Viktora,* 318 N.W.2d at 706.

■ In *Viktora* we noted that the meaning of "household" is "synonymous with 'family' and as including those who dwell together as a family under the same roof." *Id.* at 707. In this context, "household" refers to a social unit which is something more than a group of individuals who occasionally spend time together in the same place. Thus, in order to determine whether an individual is a resident of the insured's household, we must look at the nature of the individual's relationship with the social unit that makes up the insured's household and not simply at the individual's connection to the place where insured resides. In looking at the nature of the individual's relationship with the social unit that makes up the insured's household, we look at three factors: first, whether the individual and the insured are living under the same roof; second, whether the individual and the insured are living in a close,

intimate, and informal relationship; and third, whether the intended duration is likely to be substantial. *Id.* at 706 (citing *Pamperin v. Milwaukee Mut. Ins. Co.*, 55 Wis.2d 27, 197 N.W.2d 783, 788 (1972)).

Applying the phrase "residents of your household" to the facts of this case, we conclude that Roesler was not a resident of the insured's household and, therefore, not an insured under the State Farm policy. Here, the insured is Zona Roesler. When the nature of Roesler's relationship with the social unit that makes up Zona Roesler's household is examined in light of the *Viktora* factors, it is clear that Roesler was not a resident of her household at any time relevant to this lawsuit. Roesler and Zona Roesler did not live under the same roof. In fact, they had not lived under the same roof since 1982 when Roesler moved from his parents' home. From 1982 on, Roesler has continuously lived at a location other than his parents' home. Roesler has been employed and self-supporting since 1982, and has not looked to either of his parents for financial support. Further, he has not maintained any clothing or furnishings at either his parents' Fargo home or the cabin, and he has not received mail at either location. Though Roesler spends 10 weekends and one full week at the cabin each year, he does not have an assigned bedroom at the lake cabin and sleeps in his "pickup camper" during most visits to the cabin. Finally, while Roesler ate meals and did chores at the cabin and paid into the cabin's monetary fund, he was no different in that regard than any of the other members of Zona Roesler's extended family who spent time at the cabin and contributed to the cabin's monetary fund.

Because we conclude that Roesler was not a resident of the insured's household, and therefore not an insured under the policy, State Farm has no obligation to defend or indemnify him in this action.

Reversed.

COYNE, J., took no part in the consideration or decision of this case.